FILED BY DR
Jun 10, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Lauderdale

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRAMEDIA C. ROBINSON, for herself, and as Durable Power of Attorney In Fact over and on behalf of minor children JPHJ and DAR and adult BESFANTANETTE T. ROBINSON,

Plaintiffs

Vs.

16-CV-61235-DIMITROULEAS/SNOW

Kenneth L. Gillespie, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of the State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Vicky Plant, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Nicholas Lopane, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Hope T. Bristol, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Andrew Siegal, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of The State of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Nady Baigs, as an individual, as respondeat superior, and a supervisory employee of Broward Sheriff's Office Child Protective Services, a private corporation; Marysol C. Rodriguez, as an individual and as a subordinate employee of Broward Sheriff's Office Child Protective Services, a private corporation; Donald McCalla, as an individual and as a subordinate employee of Broward Sheriff's Office Child Protective Services, a private corporation; Kathleen Bushong, as an individual and as a subordinate employee for Broward Sheriff's Office Child Protective Services, a private corporation; Helen Caudra, as an individual and as a subordinate employee of ChildNet, a private corporation; Liza Khan, as an individual, as respondeat superior, and as a supervisory employee of ChildNet, a private corporation; Stan Rappaport, as an individual and as a subordinate employee of ChildNet, a private corporation; Allie Freshman, as an individual and

Case No. ____________________

JURY DEMAND

as a subordinate employee of Office of the Florida Attorney General, a private Aniska Joseph, as a subordinate individual and as a subordinate employee of Office of the Florida Attorney General, a private corporation; Alycia Vajgert; as an individual and as a subordinate employee of Office Of the Florida Attorney General, a private corporation; Veronica Robinson, as an individual, and as a subordinate contracted employee of Judiciary Courts of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Jeffery Levy, as an individual, and as subordinate contracted employee of Judiciary Courts of the State Of Florida DBA 17 Judicial Circuit Court of Florida, a private Corporation; Lee Seidlin, as an individual, and as subordinate contracted employee of Judiciary Courts Of The State of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; Monica Offredi, as an individual, and as a subordinate employee for Office of Criminal Conflict and Civil Regional Counsel/ Dependency Attorneys, a private corporation; Kathleen McCarthy as an individual, and as a subordinate employee for Office of Criminal Conflict and Civil Regional Counsel, a private corporation; Teresa Lewis, as an individual, and as a subordinate employee of Broward Sheriff's Office, Court Services, a private corporation; Nichole Anderson, as an individual, and as a supervisory employee of Broward Sheriff's Office, Court Services, a private corporation; Isaac "Peter" Hanson, as an individual; Earlene Browne Hanson, as an individual; Ervins G. Hyppolite, as an individual, and as a subordinate employee of Plantation Police Department, a private corporation; Brian Beasely, as an individual, and as a subordinate employee of Lauderhill Police Department a private corporation; Myrna Wolf, an individual, and as a subordinate employee of Florida Guardian Ad Litem Program of 17th Judicial Circuit, a private corporation; Reynaldo Hill, as an individual, as respondeat superior, and as a supervisory employee of Premier Academy School, a private corporation; Ms. McDonald, as an Individual, and as an employee of Premier Academy School, a private corporation, whose first name is unknown to Plaintiffs but will be submitted to this Court by Plaintiffs when Plaintiffs have ascertained Ms. McDonald's first name; Office of Governor Rick Scott, State of Florida, a private corporation— Duns No. 004078374-- as respondeat superior; Rick Scott, as an individual, as respondeat superior, and as supervisory a employee of the Office of ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Governor Rick Scott, State of Florida, a private )
corporation; Office of Chief Inspector General, State )
of Florida, a private corporation—Duns No. )
113255892--as respondeat superior; Melinda Miguel, )
as an individual, as respondeat superior, and as a )
supervisory employee of Office of Chief Inspector )
General, State of Florida, a private corporation; )
The Florida Bar Professional Ethics Committee, )
a private corporation—Duns No. 079196374--as )
respondeat superior; Grey Squires-Binford, as an )
individual, as respondeat Superior, and as )
supervisory employee of the Florida Bar )
Professional Ethics Committee, a private corporation; )
Ramón A. Abadin, as an individual, as respondeat )
superior, and as a supervisory employee of Florida Bar )
Association, a private corporation; State of Florida )
DBA Office of Attorney General, State Florida, a )
private corporation—Duns No. 078835791 and )
182740993 --as respondeat superior; Pam Bondi, as )
an individual, as respondeat superior, and as supervisory )
employee of Office of Attorney General, State of )
Florida, a private corporation; Statewide Guardian )
Ad Litem Office DBA Guardian Ad Litem Program of )
17 Judicial Circuit of State of Florida; a private )
corporation—Duns No. 017587670 and 075598750 )
and--as respondeat superior; Alan Abramowitz, as )
an individual, as respondeat superior, and as )
supervisory employee of Statewide Guardian Ad Litem )
Program, a private corporation; City of Lauderhill, a )
private corporation—Duns No. 07-223-8108--as )
respondeat superior; City of Lauderhill DBA )
Lauderhill Police Department, a private corporation— )
Duns No. 07-223-8108--as respondeat superior; )
Richard Kaplan, as an individual, as respondeat superior )
and as a supervisory employee of City of Lauderhill, )
a private corporation; Charles Faranda, as an individual, )
as respondeat superior, and as a supervisory employee )
of City of Lauderhill, a private corporation; Constance )
Stanley, as an individual, as respondeat superior, and )
as a supervisory employee of City of Lauderhill DBA )
Lauderhill Police Department, a private corporation; )
City of Plantation, a private corporation—Duns No. )
078466380--as respondeat superior; City of Plantation )
DBA Plantation Police Department, a private )
corporation—Duns No. 78-531-0434--as respondeat )
superior; Diane Veltri Bendekovic; as an individual, )
as respondeat superior, and as a supervisory employee )
of City of Plantation, a private corporation; )
W. Howard Harrison, as an individual, as respondeat )

superior; and as a supervisory employee of City of Plantation, a private corporation; Florida Senate; a private corporation—Duns No. 809385545-- as respondeat superior; Andy Gardiner, as an individual, and as respondeat superior, and as a supervisory employee of Florida Senate, a private corporation; Florida House of Representatives, a private corporation—Duns No. 809385669–as respondeat superior; Steve Crisafulli, as an individual, and as respondeat superior, and as a supervisory employee of Florida House of Representatives, a private corporation; Judiciary Courts of The State of Florida DBA Florida State Supreme Court, a private corporation—Duns No. 613931278; Jorge Labarga, as an individual, as respondeat superior, and as supervisory employee of Judiciary Courts of The State of Florida DBA Florida State Supreme Court, a private corporation; Judiciary Courts of The State of Florida DBA The Fourth District Court of Appeal, a private corporation--Duns No. 61-393-2466—as respondeat superior; Cory J. Ciklin, as an individual, as respondeat superior, and as supervisory employee of Judiciary Courts of The State of Florida DBA The Fourth District Court of Appeal, a private corporation; Judiciary Courts of The State Of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation—Duns No. 362229668--as respondeat superior; Peter M. Weinstein, as an individual, as respondeat superior, and as a supervisory employee of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation; Judiciary Courts of The State of Florida DBA Juvenile Division, Circuit 17th Judicial Circuit of Florida, ca private corporation—Duns No. 00592148 -- as respondeat superior; Howard C. Foreman, as an individual, as respondeat superior, and as a supervisory employee of Clerk of Courts of Judiciary Courts of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation; Kathleen R. Pugh, as an individual, as respondeat superior, and as supervisory employee of Court Administrator of the Judiciary Courts of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation; Florida Department of Children and Families, a private Corporation --Duns No. 939-6666—as respondeat superior; Mike Caroll, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Keith Parks, as an individual, as respondeat superior, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

and as a supervisory employee of DCF, a private )
corporation; Florida Department of Law Enforcement, )
a private corporation—Duns No. 149456258— as )
respondeat superiors; Richard Swearingen, as an )
individual, as respondeat superior, and as supervisory )
employee of Florida Department of Law Enforcement, )
a private Corporation; Broward County Commission, )
District Four, a private corporation —Duns No. )
06-693-8358--as respondeat superior; Chip LaMarca, as )
an individual, as respondeat superior, and as a )
supervisory employee of Broward County Commission, )
District Four; Broward Sheriff's Office, a private )
Corporation —Duns No. 042779922—as respondeat )
superior; Scott Israel, as an individual, as respondeat )
superior, and as a supervisory employee of Broward )
Sheriff's Office, a private corporation; City of Pompano )
Beach DBA Broward Sheriff's Office Pompano Beach, )
a private corporation—Duns No. 08-018-1167---as )
respondeat superior; John Hale, as an individual, as )
respondeat superior, and as a supervisory employee of )
Broward Sheriff's Office Pompano Beach, a private )
corporation; Broward Sheriff's Office, Child Protective )
Services, a private corporation—Duns No. )
945630122 —as respondeat superior; Audrie Jones, as )
an individual, as respondeat superior, and as supervisory )
employee of Broward Sheriff's Office, Child Protective )
Services, a private corporation; ChildNet, a private )
corporation–Duns No. 13972722—as respondeat )
superior; Emilio Benitez, as an individual, as respondeat )
superior, and as a supervisory employee of ChildNet, a )
private corporation; Office of Criminal Conflict and )
Civil Regional Counsel Fourth District, Dependency – a )
private corporation – Duns No. 830867912—as )
respondeat superior; Anthony Ryan, as an individual, )
as respondeat superior, and as a supervisory employee )
of Office of Criminal Conflict and Civil Regional )
Counsel Fourth District, Dependency – a private )
Corporation; Premier Academy School—a private )
corporation –Duns No. 045731886, as respondeat )
superior, Jewish Adoption & Foster Care Options )
Jewish Children's Village, —a private corporation— )
Duns No. 799978366, as respondeat superior; )
Sarah Franco, as an individual, and as supervisory )
Employee of Jewish Adoption & Foster Care Options; )
Kids in Distress, private corporation—Duns No. )
929516730, as respondeat superior; Mark Dhooge, )
as an individual, and as supervisory employee of )
Kids in Distress, a private corporation, )
Broward Sheriff's Office, Court Services, a private )

corporation—Duns No. 066938358, as respondeat superior; Administration for Children and Families U.S. Department of Health and Human Services, a private corporation—Duns Number 927645705—as respondeat superior; Children's Bureau, Administration for Children and Families U.S. Department of Health and Human Services, a private corporation—Duns Number 927645705--as respondeat superior; Rafael López, as an individual, as respondeat superior, and as a supervisory employee for Children's Bureau, Administration for Children and Families U.S. Department of Health and Human Services, a private Corporation; David Fairbanks, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Rebecca Kapusta, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; JoShonda Guerrier, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Traci Leavine, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Patricia Badland, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Elisa Crame, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Ginger Griffith, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; Grainne O'Sullivan, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation; ~~Rebecca Kapusta, as an individual~~, ~~as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation,~~ acr acr acr

Defendants.

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, FOR WRIT MANDAMUS, FOR WRIT OF HABEAS CORPUS, FOR REI VINDICATIO (REPLEVIN), FOR DETINUE, FOR DECLARATORY JUDGMENT, AND FOR DAMAGES

Plaintiffs Andramedia C. Robinson (hereinafter called "DPOA" or "ACR" or "maternal grandmother" or "MG"), for herself, and as Durable Power of Attorney in Fact (DPOA) over minor children JPHJ and DAR (hereafter called "minors" or "minor Plaintiffs" or heirs or biological property) and over adult daughter Besfantanette T. Robinson (hereinafter called "heir" or "biological property" or "mother" or "BTR") sue Defendants and state as follows:

## I. INTRODUCTION AND NATURE OF THE CASE

1. This is an action for declaratory judgment and injunctive relief, for Writ of Habeas Corpus, for Rei Vindicatio (Replevin), for Detinue, for Writ of Mandamus, and for damages brought under the Civil Rights Act of 42 U.S.C. §§ 1983, 1985, 1986, 1988, 1997, and the Civil Rights Attorney's Fees Awards Act of 42 U.S.C. §§1976. This is a multi-grounded civil rights action at law, at common law, and also in equity, to vindicate and restore various rights of the Plaintiffs secured under federal law, to vindicate and restore their various inalienable rights guaranteed under certain portions of, and several Amendments to, the United States Constitution, and for the Plaintiffs to claim all rights, damages, and forms of relief obtainable under any available means, in the interests of justice, and through the authority and supplemental jurisdiction vested in this Court by 28 USC § 1367, and also through Article III of the United States Constitution, if and as necessary.

2. In no way, shape, or form, do or will the Plaintiffs claim or assert, either expressed or implied, any manner of rights or interests alluding to any aspect of controversy under any state law whatsoever, excepting only that a matter must be fairly characterized as an act, practice, or policy of, or by, the state, a private corporation, which exists or functions in derogation of federal law or federal rights and constitution, civil rights law or constitutional, civil rights.

3. Further, the Plaintiffs expressly disclaim any such potential allusions to matters arising solely under any state law or state rights, with, again, excepting only that a given matter must or might be fairly characterized as an act, practice, pattern, or policy of, or committed by, the state which exists or functions in derogation of federal law or federal rights.

4. The Plaintiffs seek all available forms of declaratory, injunctive, retrospective and prospective relief that correspond to the various causes of action and prayers for relief herein.

5. This case involves applications of family law in a general nature, wherein rightful God-given parental rights to minor children is violated and deprived, and where the United States Constitution, and consistent, numerous, and binding stare decisis of the United States Supreme Court, provides certain liberty, privacy, and family interest protections to all such natural parents, and wherein various and numerous Acts of Congress have provided similar, or even better, protections, certain liberty, privacy, and family interest protections to all such natural parents, and wherein various and numerous Acts of Congress have provided similar, or even better, protections.

6. This case further involves significant amounts of what appears to be willful, reckless, and/or negligent fraud, deceit, collusion, and/or abuse of powers by a statewide and systemic pattern of obstructing, hindering, and/or otherwise thwarting the rightful and lawful conclusions of due process during any such dependency proceedings held within its own courts of law.

7. This case further involves allegations of widespread and standard practices by the State of Florida to unlawfully discriminate in all areas of domestic relations, within any related or ancillary proceedings, and especially those matters directly concerning God-given parental rights to child and child support, often involving bias or prejudice against Plaintiffs and the same practices being patently unconstitutional in their prevalent application.

8. This case also involves allegations against the State of Florida for willful, intentional, negligent, and/or reckless patterns of general disdain for the common good.

9. There presently exists in this nation an entirely overwhelming plethora of federal statutes pertaining to the strict application, by the several States, of domestic relations resolutions in state courts of law, of national public family policies, of numerous authorizations and appropriations of tax dollars to provide various federal funding, grants, and stipends to the several States, and of the existence of variously all-consuming federal budgetary, administrative, and enforcement agencies, bureaucracies, and other organizations to supposedly ensure strict compliance with all such federal law and applicable federal rights; The Plaintiffs essentially have two options available for non-violent redress of the widespread violations of their various rights alleged herein: (1) prosecute the state themselves for routine misapplication of the law; or, (2) prosecute the federal government for failing to enforce its own laws, and allowing the state to consistently misapply the law and violate their rights; The Plaintiffs have chosen the first option, in the hopes that the second option will then become moot.

10. Given the above serious and important natures of this case, the significant implications to the general welfare, and the same including grievous and numerous violations and deprivations of civil and constitutional rights, this Court should afford special attention thereupon, and impart expediency

**to the resolution of this action, all pursuant to its authority under 28 USC § 1657 (a).**

**to address** Defendants' violations and deprivations of Plaintiffs' Constitutional and Civil Rights;

**and presents** a federal question within this court's jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3).

11. The court has the authority to issue a declaratory judgment under Fed. R. Civ. P. Rule 57; 28 U.S.C. §2201 and further relief under 28 U.S.C. §2202; to issue Mandamus under Fed. R. Civ. P. Rule 21 and 28 U.S.C. §1651; to issue Habeas Corpus under 28 U.S.C. § 2254 and § 2255; to issue Replevin under Fed. R. Civ. P. 64; to issue injunctive relief under 28 U.S.C. §1343 and Fed. R. Civ. P. 65; and to award damages under 42 U.S.C. §§ 1983, 1985, 1986, 1988, 1997 and the Civil Rights Attorney's Fees Awards Act of 1976.

## II. JURISDICTION and VENUE

12. This case arises under Civil Rights Act of 42 U.S.C. §§ 1983, 1985, 1986, 1988, 1997 and the Civil Rights Attorney's Fees Awards Act of 1976.

13. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 regarding issues arising under the Constitution, laws, or treaties of the United States and 1343 – regarding deprivations of rights, and/or privileges, of citizens of the United States; and 42 U.S.C. §§ 1983, 1985, 1986, 1988, 1997 as plaintiffs' claims allege violations of federal law. Additionally, Fed. R. Civ. P. Rule 57, 42 U.S.C. § 2201– regarding creations of remedies and declarations of rights and 2202--regarding further reasonable, necessary, or proper relief available from this Court-- provides a jurisdictional basis for seeking declaratory relief for the foregoing violations.

14. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Southern District of Florida.

15. For the various forms of relief that the Plaintiffs seek, and given full consideration that this case entails multiple sets of fairly complex circumstances, with various and numerous causes of action contained thereunder, jurisdiction and venue over all subject matters herein are properly had and held within this Honorable Court, and the same matters arising, under any or all of the following provisions of relevant federal law:

a) Article III, Section 2, of the United States Constitution – regarding issues risen under the Constitution, laws, or treaties of the United States;

b) Article IV, Section 2, of the United States Constitution – regarding equal protection of all privileges and immunities of citizens amongst the several States;

c) Article VI of the United States Constitution – regarding the binding of judges in every State under the supreme law of the land, and which same consists of the Constitution, laws, and treaties of the United States;

d) 18 USC § 3231 – regarding offenses committed against the laws of the United States;
h) 28 USC § 1355 – regarding recovery or enforcement of fines, penalties, or forfeitures;
i) 28 USC § 1356 – regarding seizures not within admiralty and maritime jurisdiction;
j) 28 USC § 1367 – regarding supplemental jurisdiction over interrelated claims;

k) 28 USC § 1391 – regarding venue and defendants generally;
l) 28 USC § 1395 – regarding venue in actions involving fines, penalties, or forfeitures;
m) 28 USC § 1441 – regarding the removal of state court subject matters generally;
n) 28 USC § 1443 – regarding denial or violation of civil rights within a state court;

o) 28 USC § 1657 – regarding priority of actions, and temporary or preliminary relief;
p) 28 USC § 1962 – regarding liens, by judgment, upon property within the district;
s) 28 USC § 2283 – regarding this Court's authority to stay proceedings in any state court;
t) 31 USC § 3732 – regarding false claims actions under federal and/or state laws;

v) 42 USC § 2000b – regarding deprivations of civil rights within public facilities; and
w) 42 USC § 2000b-2 – regarding individual remedies for deprivations of civil rights within public facilities.

16. This Court also has supplemental jurisdiction over all other claims by the Plaintiffs that are so related to the claims herein that they form part of the same case or controversy under Article III of the United States Constitution.

## IV. PARTIES

17. *Named Plaintiffs*:

(1) Andramedia C. Robinson, (ACR) for herself, and as DPOA over and on behalf of heirs and biological property Plaintiffs BTR and minor children Plaintiffs JPHJ and DAR, is a Florida resident.

(2) BTR is an adult and is mother of minor children JPHJ and DAR, and is a Florida resident.

(3) JPHJ is a minor child Age 8 and is the heir and biological property of ACR and BTR and is a Florida resident.

(4) DAR is a minor child Age 13 and is the heir and biological property of ACR and BTR. DAR's resident state is unknown to Plaintiffs ACR, BTR, and JPHJ, but will be submitted to the court when Plaintiff ACR has ascertained his state of residence.

18. *Named Defendants*:

(5) Kenneth L. Gillespie, hereinafter called "KLG," as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(6) Vicky Plant, hereinafter called "VP," as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(7) Nicholas Lopane, hereinafter called "NL," as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(8) Hope T. Bristol, hereinafter called "HTB," as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(9) Andrew Siegal, hereinafter called "AS," as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(10) Nady Baigs, hereinafter called "NB," as an individual, as respondeat superior, and a supervisory employee of Broward Sheriff's Office Child Protective Services, a private corporation, is a resident of Florida and has the capacity to be sued.

(11) Marysol C. Rodriguez, hereinafter called "MCR," as an individual and a subordinate employee of Broward Sheriff's Office Child Protective Services, a private corporation, is a resident of Florida and has the capacity to be sued.

(12) Donald McCalla, hereinafter called "DM," as an individual and as a subordinate employee of Broward Sheriff's Office Child Protective Services, a private corporation, is a resident of Florida and has the capacity to be sued.

(13) Kathleen Bushong, hereinafter called "KB," as an individual and as a subordinate employee for Broward Sheriff's Office Child Protective Services, a private corporation, is a resident of Florida and has the capacity to be sued.

(14) Helen Caudra, hereinafter called hereinafter called "HC," as an individual and as a subordinate employee of ChildNet, a private corporation, is a resident of Florida and has the capacity to be sued.

(16) Stan Rappaport, hereinafter called "SR," as an individual and as a subordinate employee for ChildNet, a private corporation, is a resident of Florida and has the capacity to be sued.

(17) Allie Freshman, hereinafter called hereinafter called "AF," as an individual and as a subordinate employee of Office of the Florida Attorney General in Fort Lauderdale, Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(18) Aniska Joseph, hereinafter called hereinafter called "AJ," as an individual and as a subordinate employee of Office of the Florida Attorney General in Fort Lauderdale, Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(19) Alycia Vajgert, hereinafter called hereinafter called "AV," as an individual and as a subordinate employee of Office of the Florida Attorney General in Fort Lauderdale, Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(20) Veronica Robinson, hereinafter called "VR," as an individual, and as subordinate of and a legal service contracted by Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(21) Jeffery Levy, hereinafter called "JL," as an individual, and as a subordinate of and a legal service contracted by Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(22) Lee Seidlin, hereinafter called, "LS," as an individual, and as a subordinate of and a legal service contracted by Judiciary Courts Of The State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation, is a resident of Florida and has the capacity to be sued.

(23) Monica Offredi, hereinafter called "MO," as an individual, and as a subordinate employee for Office of Criminal Conflict and Civil Regional Counsel/Dependency Attorneys, a private corporation, is a resident of Florida and has the capacity to be sued.

(24) Kathleen McCarthy, hereinafter called "KM," as an individual, and as a subordinate employee for Office of Criminal Conflict and Civil Regional Counsel, a private corporation, is a resident of Florida and has the capacity to be sued.

(25) Teresa Lewis, hereinafter called "TL," as an individual, and as a subordinate employee of Broward Sheriff's Office, a private corporation, is a resident of Florida and has the capacity to be sued.

(26) Isaac "Peter" Hanson, hereinafter called "IPH," as an individual, is a resident of Florida and has the capacity to be sued.

(27) Earlene Browne Hanson, hereinafter called "EBH," as an individual, is a resident of Florida and has the capacity to be sued.

(28) Ervins G. Hyppolite, hereinafter called "EGH," as an individual, and as a subordinate employee of Plantation Police Department, a private corporation, is a resident of Florida and has the capacity to be sued.

(29) Brian Beasely, hereinafter called "BB," as an individual, and as a subordinate employee of Lauderhill Police Department, a private corporation, is a resident of Florida and has the capacity to be sued.

(30) Myrna Wolf, hereinafter called "MW," as an individual, and as a subordinate employee of Florida Guardian Ad Litem Program of 17th Judicial Circuit, a private corporation, is a resident of Florida and has the capacity to be sued.

(31) Premier Academy School, hereinafter called "PAS"—a private corporation –Duns No. 045731886, as respondeat superior, has the capacity to be sued.

(32) Reynaldo Hill, hereinafter called "RH," as an individual, as respondeat superior, and as a supervisory employee of Premier Academy School—a private corporation—has the capacity to be sued.

(33) Ms. McDonald, as an individual and as a subordinate employee of Premier Academy School, a private corporation, has the capacity to be sued, whose first name is unknown to the Plaintiffs but will be submitted to this court by Plaintiffs when the first name has been ascertained.

(34) The State of Florida is a private corporation, a person, and an alleged republic body of the United States, subject to the provisions of the United States Constitution, all Amendments made thereto, and any express statutory Acts of Congress enacted by the authority thereunder, having willingly joined the Union of the Several States, and thereby also willingly subjecting itself to the supreme power of the Federal Government, and is now made a direct Defendant party to this action, through binding service of process upon its representative leaders, including both Governor Rick Scott and Attorney General Pam Bondi, of service of all original pleadings, papers, and the like in this matter, in good faith attempt by the Plaintiffs to satisfy any and all notice requirements possibly due upon the complex nature of causes described herein, and is further made a Defendant party due to the virtue of all contentions expressed or implied by the Plaintiffs, in and through the paragraphs included under the "Introduction and Nature of the Case" section of this complaint, *supra*, and is also made a Defendant party by virtue of its vicarious liability, and/or liability as respondeat superior, for the various actions, and/or inactions, committed, and/or neglected, by its various subordinate employees, and/or any other representatives that may be generally described herein, and/or by any other persons functioning, and/or appearing, to represent the State of Florida in any corporation employee manner, and/or by other persons, or entities, acting in concert with any of the above persons or entities, as well as by its own neglect, and/or refusals, to act to prevent, and/or correct, directly, and/or indirectly, various wrongs, harm, and/or injuries to the Plaintiffs, and/or property of the Plaintiffs, including by criminal acts, and/or by having conspired with any other persons to commit the same. Those state employees, who have acted personally and in their corporation employee capacities in causing such wrongs, harm and/or injuries to the Plaintiffs, and/or property of the Plaintiffs, include, but are not limited to the following:

(35) Office of Governor Rick Scott, State of Florida, a private corporation—Duns No. 004078374-- as respondeat superior, has the capacity to be sued.

(36) Rick Scott, as an individual, as respondeat superior, and as supervisory a employee of the Office of Governor Rick Scott, State of Florida, a private corporation, has the capacity to be sued.

(37) Office of Chief Inspector General, State of Florida, a private corporation—Duns No. 113255892--as respondeat superior, has the capacity to be sued.

(38) Melinda Miguel, as an individual, as respondeat superior, and as a supervisory employee of Office of Chief Inspector General, State of Florida, a private corporation, has the capacity to be sued.

(39) The Florida Bar Professional Ethics Committee, a private corporation—Duns No. 079196374--as respondeat superior, has the capacity to be sued.

(40) Grey Squires-Binford, as an individual, as respondeat superior, and as a supervisory employee of The Florida Bar Professional Ethics Committee, a private corporation, has the capacity to be sued.

(41) Ramón A. Abadin, as an individual, as respondeat superior, and as a supervisory employee of Florida Bar Association, a private corporation, has the capacity to be sued.

(42) State of Florida DBA Office of Attorney General, State Florida, a private corporation—Duns No. 078835791 and 182740993--as respondeat superior, has the capacity to be sued.

(43) Pam Bondi, as an individual, as respondeat superior, and as supervisory employee of Office of Attorney General, State Florida, a private corporation, has the capacity to be sued.

(44) Statewide Guardian Ad Litem Office DBA Guardian Ad Litem Program of 17 Judicial Circuit of State of Florida, hereinafter called "GALP," a private corporation—Duns No. 017587670 and 075598750 and--as respondeat superior, has the capacity to be sued.

(45) Alan Abramowitz, as an individual, as respondeat superior, and as supervisory employee of GALP, a private corporation, has the capacity to be sued.

(46) Florida Senate, hereinafter called, a private corporation—Duns No. 809385545-- as respondeat superior, has the capacity to be sued.

(47) Andy Gardiner, as an individual, and as respondeat superior, and as a supervisory employee of Florida Senate, a private corporation, has the capacity to be sued.

(48) Florida House of Representatives, a private corporation—Duns No. 809385669–as respondeat superior, has the capacity to be sued.

(49) Steve Crisafulli, as an individual, and as respondeat superior, and as a supervisory employee of Florida House of Representatives, a private corporation, has the capacity to be sued.

(50) Judiciary Courts of The State of Florida DBA Florida State Supreme Court, a private corporation—Duns No. 613931278—has the capacity to be sued.

(51) Jorge Labarga, as an individual, as respondeat superior, and as supervisory employee of Judiciary Courts of The State of Florida DBA Florida State Supreme Court, a private corporation, has the capacity to be sued.

(52) Judiciary Courts of The State of Florida DBA The Fourth District Court of Appeal, a private corporation--Duns No. 61-393-2466—as respondeat superior, has the capacity to be sued.

(53) Cory J. Ciklin, as an individual, as respondeat superior, and as supervisory employee of Judiciary Courts of The State of Florida DBA The Fourth District Court of Appeal, a private corporation, has the capacity to be sued.

(54) Judiciary Courts of The State Of Florida DBA 17th Judicial Circuit Court of the State of Florida, hereinafter called "17JC," a private corporation--Duns No. 362229668--as respondeat superior, has the capacity to be sued.

(55) Peter M. Weinstein, as an individual, as respondeat superior, and as a supervisory employee of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation, has the capacity to be sued.

(56) Headquarters of the Executive Office of Florida, a private corporation—Duns No. 004078374—as respondeat superior, has the capacity to be sued.

(57) Clerk of Courts of Judiciary Courts of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation– Duns No. 077406142—as respondeat superior, has the capacity to be sued.

(58) Judiciary Courts of The State of Florida DBA Juvenile Division, Circuit 17th Judicial Circuit of Florida, hereinafter called, a private corporation—Duns No. 00592148-- as respondeat superior, has the capacity to be sued.

(59) Howard C. Foreman, as an individual, as respondeat superior, and as a supervisory employee of Clerk of Courts of Judiciary Courts of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation, has the capacity to be sued.

(60) Kathleen R. Pugh, as an individual, as respondeat superior, and as supervisory employee of Court Administrator of the Judiciary Courts of The State of Florida DBA 17th Judicial Circuit Court of the State of Florida, a private corporation, has the capacity to be sued.

(61) Florida Department of Children and Families, hereinafter called "DCF," a private corporation--Duns No. 939-6666—as respondeat superior, has the capacity to be sued.

(62) Mike Caroll, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(63) Keith Parks, as an individual, as respondeat superior, and as a supervisory employee of DCF, a private corporation, has the capacity to be sued.

(64) Florida Department of Law Enforcement, hereinafter called "FDLE," a private corporation—Duns No. 149456258— as respondeat superiors, have the capacity to be sued.

(65) Richard Swearingen, as an individual, as respondeat superior, and as supervisory employee of Florida Department of Law Enforcement, a private corporation, has the capacity to be sued.

(66) Office of Criminal Conflict and Civil Regional Counsel Fourth District, Dependency – a private corporation – Duns No. 830867912—as respondeat superior has the capacity to be sued.

(67) Anthony Ryan, as an individual, as respondeat superior, and as a supervisory employee of Office of Criminal Conflict and Civil Regional Counsel Fourth District – a private corporation, has the capacity to be sued.

(68) City of Lauderhill, a private corporation—Duns No. 07-223-8108--as respondeat superior, has the capacity to be sued.

(69) City of Lauderhill DBA Lauderhill Police Department, hereinafter called "LPD," a private corporation—Duns No. 07-223-8108--as respondeat superior, has the capacity to be sued.

(70) Richard Kaplan, hereinafter called "RK," as an individual, as respondeat superior, and as a supervisory employee of City of Lauderhill, a private corporation, has the capacity to be sued.

(71) Charles Faranda, hereinafter called "CF," as an individual, as respondeat superior, and as a supervisory employee of City of Lauderhill, a private corporation, has the capacity to be sued.

(72) Constance Stanley, hereinafter called "CS," as an individual, as respondeat superior, and as a supervisory employee of City of Lauderhill, a private corporation, has the capacity to be sued.

(73) City of Plantation, a private corporation—Duns No. 078466380--as respondeat superior, has the capacity to be sued.

(74) City of Plantation DBA Plantation Police Department, hereinafter called 'PPD," a private corporation—Duns No. 78-531-0434--as respondeat superior, has the capacity to be sued.

(75) Diane Veltri Bendekovic, hereinafter called "DVB," as an individual, as respondeat superior, and as a supervisory employee of City of Plantation, a private corporation, has the capacity to be sued.

(76) W. Howard Harrison, hereinafter called "WHH," as an individual, as respondeat superior, and as a supervisory employee of City of Plantation, a private corporation, has the capacity to be sued.

(77) Broward County Commission, District Four, a private corporation—Duns No. 06-693-8358--as respondeat superiors, has the capacity to be sued.

(78) Chip LaMarca, as an individual, as respondeat superior, and as a supervisory employee of Broward County Commission, District Four, has the capacity to be sued.

(79) Broward Sheriff's Office, hereinafter called "BSO," a private corporation—Duns No. 042779922--as respondeat superior, has the capacity to be sued.

(80) Scott Israel, as an individual, as respondeat superior, and as a supervisory employee of Broward Sheriff's Office, a private corporation, has the capacity to be sued.

(81) City of Pompano Beach DBA Broward Sheriff's Office Pompano Beach, hereinafter called "BSOPB," a private corporation—Duns No. 08-018-1167---as respondeat superior, has the capacity to be sued.

(82) John Hale, as an individual, as respondeat superior, and as a supervisory employee of BSOPB, a private corporation, has the capacity to be sued.

(83) Broward Sheriff's Office, Child Protective Services, hereinafter called "CPS," a private corporation—Duns No. 945630122—as respondeat superior, has the capacity to be sued.

(84) Audrie Jones, as an individual, as respondeat superior, and as supervisory employee of CPS, a private corporation, has the capacity to be sued.

(85) ChildNet, a private corporation–Duns No. 13972722—as respondeat superior, has the capacity to be sued.

(86) Emilio Benitez, hereinafter called "EB," as an individual, as respondeat superior, and as a supervisory employee of ChildNet, a private corporation, has the capacity to be sued.

(87) Liza Khan, hereinafter called "LK," as an individual, as respondeat superior, and as a supervisory employee of ChildNet, a private corporation, is a resident of Florida and has the capacity to be sued.

(88) Kids in Distress, hereinafter called KID—a private corporation—Duns No. 929516730, as respondeat superior, has the capacity to be sued.

(89) Mark Dhooge, as an individual, as respondeat superior, and as supervisory employee of Kids in Distress, a private corporation, has the capacity to be sued.

(90) Jewish Adoption & Foster Care Options Jewish Children's Village, hereinafter called "JAFCO" —a private corporation—Duns No. 799978366, as respondeat superior, has the capacity to be sued.

(91) Sarah Franco, as an individual, as respondeat superior, and as supervisory employee of Jewish Adoption & Foster Care Options, a private corporation, has the capacity to be sued.

(92) Broward Sheriff's Office, Court Services, a private corporation—Duns No. 066938358—a private corporation, as respondeat superior, has the capacity to be sued.

(93) Nichole Anderson, as an individual, as respondeat superior, and as a supervisory employee of Broward Sheriff's Office, Court Services, a private corporation, has the capacity to be sued.

(94) Administration for Children and Families U.S. Department of Health and Human Services, a private corporation—Duns Number 927645705--as respondeat superior, has the capacity to be sued.

(95) Children's Bureau, Administration for Children and Families U.S. Department of Health and Human Services, a private corporation—Duns Number 927645705--as respondeat superior, has the capacity to be sued.

(96) Rafael López, as an individual, as respondeat superior, and as a supervisory employee for Children's Bureau, Administration for Children and Families U.S. Department of Health and Human Services, a private corporation, has the capacity to be sued.

(97) David Fairbanks, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(98) Rebecca Kapusta, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(99) JoShonda Guerrier, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(100) Traci Leavine, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(101) Patrcia Badland, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(102) Elisa Crame, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(103) Ginger Griffith, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(104) Grainne O'Sullivan, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

(105) Rebecca Kapusta, as an individual, as respondeat superior, and as a supervisory employee of DCF Headquarters, a private corporation, has the capacity to be sued.

## V. ALLEGATIONS OF FACTS/DECLARATIONS/STATEMENT OF CLAIM

19. Plaintiffs BTR and ACR have incurred grievous and irreparable losses at the hands of the Defendants, due to continuing unlawful deprivations of relationships with their God-given heirs and biological property Plaintiffs JPHJ and DAR; unlawful deprivation of JPHJ's disability funds paid to BTR; and willful, reckless, and/or grossly negligent mismanagement of the common good by the Defendant State of Florida. Plaintiffs JPHJ and DAR have incurred grievous and irreparable losses at the hands of the Defendants, due to continuing unlawful deprivations of relationships with their mother, with their DPOA (maternal grandmother), and with each other.

20. Each Plaintiff has vested constitutional and family liberty interests in, and therefore rights to, the lawful vindication of the rights; and the Defendants have, by various actions and/or inactions, essentially assisted, whether directly or indirectly, in the daily continuation of unlawfully depriving or inhibiting all such rights without applying due process of law.

21. The Plaintiffs have been unlawfully and fraudulently deprived of numerous constitutional, civil rights by the actions and/or inactions of the Defendants, all as more clearly set forth and detailed in the below-enumerated causes of action.

22. The Defendants have no 11th Amendment immunity against being amenable to suit, due to express waiver by certain Acts of Congress applicable in the various situations alleged herein.

23. The Defendants have no immunity to actions for damages, due to express waiver of such immunity by the willful intentional voluntary and commission of criminal acts for profit and personal gain consistently affirmed through numerous decisions by the United States Supreme Court, and that are also applicable in the various situations alleged herein.

24. The Plaintiffs are entitled to various awards of damages against the Defendants, and/or against the estates and any holdings and bonds of the Defendant, all until such time as any judgments rendered herein are paid in full, and including any and all interest accrued upon the same.

25. The Plaintiffs are entitled to various forms of other relief, according to the nature of the wrongs inflicted, and the gravity of the remedies that are necessary to fully conform all allegedly unlawful practices, policies, and patterns to that required by the United States Constitution.

26. On March 28, 2015, Defendants DCF, CPS, MCR, DM; PPD EGH; KLG, VP; ChildNet, HC summarily seized Plaintiffs ACR's and BTR's heir and biological property JPHJ from his DPOA (his MG, Plaintiff ACR), from mother, his school, home, and family without a warrant, without a complaint, without a sworn affidavit of criminal action, without probable or just cause, without a charge against

Plaintiffs ACR, BTR, and JPHJ in the absence of exigent circumstances, without a grand jury indictment (true bill), without a lawful accusation in violation of the Fourth and Fourteenth Amendments to the United States Constitution, not because they had to, but because they could.

27. All Defendants have received compensation federal funding, giving an incentive for kidnapping and hostage-taking said heir JPHJ.

28. On or about August 21, 2016, Defendants BSOPB, deputy sheriffs, whose names are unknown to the Plaintiffs but will be submitted this Court when Plaintiffs have ascertained their names; FAGO, AJ, AF; VP, KLG, HTB; CPS, KB, MCR, DM, NB; ChildNet, HC; JAFCO summarily seized Plaintiffs BTR's and ACR's heir and biological property Plaintiff JPHJ from Plaintiff DPOA (ACR), mother BTR, school, home, and family without a warrant, without complaint, without a sworn affidavit of criminal action, without probable or just cause, without a charge against said Plaintiffs BTR or ACR or their heir and biological property Plaintiff JPHJ, in the absence of exigent circumstances, without a grand jury indictment (true bill), without a lawful accusation in violation of the Fourth and Fourteenth Amendment, not because they had to, but because they could.

29. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; IPH, EBH, COH; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, MO, KM; JAFCO have received compensation federal funding, giving an incentive for kidnapping and hostage-taking Plaintiffs BTR and ACR heir and biological property JPHJ.

30. On or about July 30, 2003, Defendants DCF; CPS; FOAG; AS; ChildNet, SR; GALP; LPD; KID; and officers whose names are unknown to the Plaintiffs but will be submitted to the court when Plaintiffs have ascertained the names, summarily seized Plaintiffs BTR and ACR;s heir and biological property DAR from Plaintiffs (his maternal grandmother and DPOA) ACR and mother BTR, school, home, and family without a warrant, without a complaint, without a sworn affidavit of criminal action, without probable or just cause, without a charge against said Plaintiffs ACR or BTR or our heir and biological property DAR, in the absence of exigent circumstances, without a grand jury indictment (true bill), without a lawful accusation in violation of the Fourth and Fourteenth Amendment, not because they had to, but because they could.

31. Defendants DCF; CPS; FOAG; AS; ChildNet, SR; GALP; LPD; KID; have received compensation federal funding, giving an incentive for kidnapping and hostage-taking said heir DAR.

32. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; NL, HTB, VP, KLG, AS; LPD, BB; EGH, PPD; GALP, MW; IPH, EBH, COH; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, MO, KM; JAFCO; KID; PAS, RH have barred and do bar all entitled contact between Plaintiffs ACR and BTR and said children Plaintiffs JPHJ (Defendant AS is not connected with Plaintiff JPHJ) and DAR (Defendants IPH and EBH; PAS and RH are not connected with Plaintiff DAR) with no claim of detriment to the children, thereby depriving/denying Plaintiffs' BTR and ACR fundamental interest in soothing and reassuring their young children.

33. Moreover, Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, AS, NL; LPD, BB; EGH, PPD; GALP, MW; IPH, EBH, COH; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, MO, KM; JAFCO; KID; PAS, RH's conduct directly has deprived Plaintiffs ACR and BTR of the consortium of their young children (heirs and biological property) JPHJ (Defendant AS is not connected with Plaintiff JPHJ) and DAR (Defendants IPH and EBH; PAS and RH are not connected with Plaintiff DAR).

34. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, AS; LPD, BB; EGH, PPD; GALP, MW; IPH, EBH, COH; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, MO, KM; JAFCO; KID put said Plaintiff minors JPHJ and DAR at untenable, unnecessary risk when and as they detained them in the foster care of strangers (actions in no way mitigated the placements the children were subjected to in just twelve months). Doing so subjected Plaintiff ACR and mother BTR to elemental fear, pain, frustration and humiliation in any grandmother's and mother's most tumultuous hour. While in foster care both Plaintiff minors JPHJ and DAR were underfed, malnourished, neglected, abused, not properly groomed, and deprived of medical care. Defendant ChildNet and Caudra neglected to treat Plaintiff JPHJ's eczema skin disease, neglected to take JPHJ to the doctor or to the emergency room when he tripped over a brick and twisted his leg and when JPHJ was sick with flu and throwing up.

35. The August 21, 2015, shelter order concerning Plaintiff minor JPHJ filed by Defendants FAGO, AF, AJ; ChildNet, HC; KLG, HTB; CPS, KB were made up entirely of conclusory, false/fraudulent statements having no basis in fact and wholly fabricated, false/fraudulent charges and allegations, including, but not limited to, the following false statements:

A. "CPI Bushong received confirmation of the no contact order between the maternal grandmother and the child due to the maternal grandmother's mental illness history."
B. "It is determined that the mother, Besfantanette Robinson, has violated the order by allowing the child to continue to see the grandmother. The mother allowed the child to go with the maternal grandmother who does not have stable housing and is known to reside in her vehicle."
C. The child disclosed to the PI Bushong that while he was with the maternal grandmother he slept in the vehicle and could not state when or what he ate last.
D. "The family has a prior history of abuse/neglect with the Department."
E. "there is probable cause that reasonable grounds for removal exists, the provision appropriate and available services will not eliminated the need for placement, the children are dependent, and shelter care is necessary and in the best interest of the child."
F. The parent or legal custodian has materially violated a condition of placement.
G. The Marchman Act occurred because of the maternal grandmother filing falsified document to have the mother Marchman Acted.
H. The Department of Children and Family services ahs made reasonable efforts to prevent or eliminate the need to remove the child from the home as follows . . ."

36. The said unlawful shelter order deprives Plaintiffs ACR, JPHJ, and BTR of our right to due process of the law.

37. On December 1, 2015, Plaintiff ACR filed and handed to Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; JAFCO her Affidavit, a copy of which is attached hereto.

38. To date and since last April 11, 2016, DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, NL, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; JAFCO; PAS, RH continue to deprive Plaintiff ACR of her right to her heirs and biological property Plaintiff JPHJ and DAR and continue to violate and to deprive Plaintiff ACR and her biological property/heir minor Plaintiffs JPHJ and DAR of our First, Fifth, Nine, and Fourteenth Amendment Rights to associate, speak, and assemble with each other as a family; and said Defendants have defaulted on said Plaintiff ACR's Affidavit. Please see Commercial Bill, Claim for Rightful Compensation, and December 1, 2015 Affidavit Attached.

39. On January 25, 2016, Plaintiff ACR (DPOA) filed and handed/served to Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; PAS, RH her Petition for Return of Private Property Under State Capture, along with Plaintiff ACR's Durable Power of Attorney in Fact over said minor JPHJ, dated January 1, 2016,, a Claim for Rightful Compensation, Affidavit, and a Commercial Bill, copies of which are attached hereto. Subsequently said January 1, 2016 Durable Power of Attorney in Fact over minor JPHJ was replaced with a newer Durable Power of Attorney in Fact over minor Plaintiff JPHJ, dated March 10, 2016, which is attached hereto, and which was served upon said Defendants on March 11, 2016.

40. To date, said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; PAS, RH have failed to answer the written and verbal question stated to said Defendants to show and to answer as to whether they have better claim to said minor JPHJ than Plaintiff ACR, which Plaintiff ACR (DPOA) asked said Defendants in the said Petition and verbally in court on January 25, 2016. Plaintiff ACR can find no constitutional authority for Defendants' actions.

41. To date said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; PAS, RH have not complied with Plaintiff ACR's Petition and Durable Covenant Power of Attorney in Fact and have deliberately failed to and refused to return Plaintiff ACR's (DPOA) biological property/heir minor JPHJ and have deliberately failed to and refused to compensate Plaintiff ACR, under Eminent Domain—Fifth Amendment, for Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; PAS, RH unlawful exclusive use of Plaintiff ACR's biological property JPHJ. Said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH; RH, PAS have deprived and violated Plaintiff ACR and her biological property of our First, Fifth, Nine, and Fourteenth Amendment Right of Associate, Assembly, Speech (including wire communication) and live with each other as family.

42. On February 15, 2016, Plaintiff ACR (DPOA) filed and handed/served Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO her Petition for Return of Private Property Under State Capture, along with Plaintiff ACR's Durable Power of Attorney in Fact over said minor DAR dated January 4, 2016, a Claim for Rightful Compensation, Affidavit, and a Commercial Bill, copies of which are attached. Subsequently said January 1, 2016 Durable Power of attorney in Fact over DAR was replaced with a newer Durable Power of Attorney in Fact over minor Plaintiff DAR, dated April 1, 2016, which is attached hereto, and which was served upon said Defendants on April 2, 2016.

43. To date, said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO have failed to answer the written and verbal question stated to said Defendants to show and to answer as to whether they have better claim to said minor DAR than Plaintiff ACR (DPOA), which Plaintiff ACR asked said Defendants in the said Petition and verbally in court on February 15, 2016. Plaintiff ACR can find no constitutional authority for Defendants actions.

44. To date said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO have not

complied with Plaintiff ACR's (DPOA) Petition and Durable Covenant Power of Attorney in Fact and have deliberately failed to and refused to return Plaintiff ACR's biological property/heir minor DAR and have deliberately failed to and refused to compensate Plaintiff ACR (DPOA), under the Fifth Amendment – Eminent Domain, for said previously named Defendants' unlawful exclusive use of Plaintiff's biological property. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO have deprived and violated Plaintiff ACR and her biological property of their First, Fifth, Ninth, and Fourteenth Amendment Right of Associate, Assembly, and Speech (including wire communication) and live with each other as family.

45. On February 3, 2016, Plaintiff ACR filed and handed to previously said Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH her Supplement to Claim for Rightful Compensation, Commercial Bill, a school guardianship form signed by Plaintiffs BTR and ACR, with BTR duly appointing ACR school guardian over Plaintiff minor JPHJ. In turn, KLG; CPS, MCR; ChildNet, HC; FAGO, AF and AJ retaliated and acted vindictive toward Plaintiff ACR and minor Plaintiff JPHJ and have and are exploiting JPHJ and his mother BTR by filing and issuing an unlawful injunction, dated February 15, 2016, containing trumped up, falsified, fabricated charges against Plaintiff ACR and said minors JPHJ's and DAR's mother BTR in order intentionally inflict emotional distress, to torture, to impose the unlawful Gag Rule on, to frame, and to inflict cruel and unusual punishment upon Plaintiffs ACR and JPHJ and his mother BTR and in order to defame the character of Plaintiff ACR and her said heir Plaintiff JPHJ and his mother BTR and in order to further deprive and violate Plaintiff ACR and JPHJ's mother BTR of their right to our heirs and biological property DAR and JPHJ and in order to deprive Plaintiffs ACR, JPHJ, DAR, and mother BTR of our First, Fifth, Nine, and Fourteenth Amendment Rights of Association, Speech, and Assembly with each other and our rights to live together in our own home, as family. Defendants BSO and TL committed domestic terrorism in violation of Section 802 of the Patriot's Act upon Plaintiffs JPHJ, ACR, and mother BTR upon serving mother BTR. Defendants BSO and TL did not serve Plaintiff ACR with the injunction.

46. False, fabricated, trumped-up charges and statement contained in the said falsified February 15, 2016, injunction include, but are not limited to:

A. "Pursuant to Florida Statute 39.504 (2) and 39.504 (3) the court hereby finds good cause to extend the temporary ex parte injunctions to secure personal service on Besfantanette Robinson and Andramedia Robinson . . ."

B. "Caregiver of the children: Isaac Hanson and Earline Sharon Browne-Hanson"

C. "Respondent has a of mental health problems."

D. "This injunction is being sought to protect the child from an act of child abuse."

E. "During the course of the investigation ,the Child Protection Investigator determined that the mother had violated the order by allowing the child to see the maternal grandmother for extended periods of time, including overnight visitation . . ."

F. "On February 2, 2016 . . . The child became emotionally distressed and started crying and saying he could not walk to the mother's home because he was going to get lost. When the Child Advocate attempted to separate the minor child from the mother, the other threatened the Child Advocate . . ."

G. "The child advocate continued to attempt to calm the mother down at which point the mother began recording the conversation and was repeating the child advocate had hit the minor child."

H. "Despite her personal knowledge, the maternal grandmother continues to take active steps to violate said court order."

I. "The mother and maternal grandmother's behaviors continue to escalate in the presence of the minor child causing him great distress. The mother and maternal grandmother's behaviors are so erratic that they are not able to recognize the emotional abuse and distress their actions are having on the minor child."

J. "The minor child has suffered emotional abuse and harm as a result of the mother's and maternal grandmother's behaviors."

K. "For which there is a reasonable likelihood of occurrence based on a recent act or failure to act:"

L. "Due to the facts described above, Petitioner believes the child is in imminent danger and . . ."

M. "The child is in imminent danger . . ."

47. The said unlawful February 15, 2016 injunction concerning Plaintiffs ACR, JPHJ, and mother BTR deprives and violates ACR, JPHJ, and mother BTR of our right to due process of the law.

48. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, AS, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS; OCCDP, KM, MO; IPH, EBH; PAS, RH have caused emotional, mental, and physical harm/injury/trauma to said Plaintiffs ACR, minors JPHJ and DAR, and to their mother BTR, as stated in the attached December 1, 2015, Affidavit, January 22, 2016 Claim for Rightful Compensation and January 22, 2016 Commercial Bill and January 4, 2016 Petition to Return Private Property under State Capture, and as a result of Defendants DCF, CPS; KB, MCR; ChildNet, HC; KLG, NL, HTB; FAGO, AF, and AJ's unlawful, unconstitutional shelter order, injunction, no-contact order, and the unlawful, false, trumped-up, fabricated, charges stated therein. Please see attached. Defendants have caused emotional and mental injury/harm/trauma to Plaintiffs by Defendants' said actions stated in said Petition to Return Private Property under State Capture, Claim for Rightful Compensation, and Commercial Bill, Affidavit, and as a result of Defendants DCF, CPS; KB, MCR; ChildNet, HC; KLG, NL, HTB; FAGO, AF, and AJ's unlawful shelter order, injunction, no-contact order, and the unlawful, false, trumped-up, fabricated charges stated therein.

49. Defendants' actions and inactions violate and deprive the constitutional and civil rights of Plaintiffs ACR and BTR, minor heirs JPHJ and DAR, including Plaintiffs ACR and BTR and JPHJ and DAR's right to due process of the law under the Fourth and Fourteenth Amendments. Defendants DCF, CPS, KB, MR, DM; ChildNet, HC, SR; KLG, HTB, VP; FAGO, AF, AJ, AV have falsely arrested and falsely imprisoned said minor JPHJ since he was seven years of Age and have not charged him with anything. Defendants DCF, CPS; KB, MR, DM, NB; ChildNet, HC, SR; AS, KLG, HTB, VP; FAGO, AF, AV, AJ; LPD; have falsely arrested and imprisoned said minor DAR since he was a newborn baby and have not charged him with anything.

50. On February 15, 2016, Defendants KLG; FAGO, AF, AJ; BSO, TL committed domestic terrorism in violation of Section 802 of the Patriots Act with the threat to kidnap, take hostage for ransom, and falsely imprison Plaintiffs ACR and daughter BTR (mother of minors JPHJ and DAR), as Defendants KLG, AF, and TL issued an unlawful, unconstitutional injunction against Plaintiffs ACR and her daughter, said mother BTR, and to JPHJ out of retaliation and without just cause and without probable cause and in order to conceal Defendants ChildNet, HC; LPD, BB; and IPH's felonious child abuse and cruel and unusual treatment of Plaintiff minor JPHJ on Tuesday, February 2, 2016 at Defendant IPH's auto shop wherein "Helen Caudra battered the child by pushing him in his chest and jerked him on his arm, forcing him to move back away from his mother, my daughter, while Peter Hanson used violent physical aggression and force to help Helen Caudra push the child and jerk his arm. Both Caudra and Peter emotionally traumatized the child and caused the child to cry with fear," as stated in Plaintiff ACR's Amendment To Supplement To Claim For Rightful Compensation And Commercial Bill. Please see attached. Defendants KLG; FOAG; AF; BSO, TL have deprived Plaintiff's ACR, mother, and JPHJ of

our right to due process of the law under color of authority, thereby committing official oppression. Defendants KLG and FAGO and AF have, at least four times, thrown Plaintiff's ACR out of the courtroom, depriving her of her right to be heard and to argue her petitions, to be a witness and to testify, and to record the court hearings in violation of Plaintiff ACR's First Amendment and Americans with Disabilities rights.

51. Defendants DCF, CPS, MCR, KB; ChildNet, HC, SR; LPD; VR; IPH and EBH have on several occasions (aided and abetted also by PAS and RH); interviewed Plaintiff's said minor heirs and biological property JPHJ and DAR without the presence of their DPOA, Plaintiff ACR or their mother BTR, and have never Mirandarized said Plaintiff's biological property and heirs minor JPHJ and DAR; and have on several occasions, terrorized said minor Plaintiffs JPHJ and DAR. Defendants DCF, CPS, MCR, KB; ChildNet, HC, SR; LPD, BB; VR; IPH, and EBH; and PAS, RH have violated and deprived said minors of their right to remain silent and have forced, coerced, and compelled said minors to be witnesses against themselves and against others by Domestic Terrorism under Section 802 of the Patriots Act and by cruel and unusual punishment in violation of said Plaintiffs minors JPHJ and DAR Eighth Amendment Rights. Defendants RH, PAS; IPH, EBH have no connection with Plaintiff minor DAR.

52. Plaintiffs complain of various and systematic, premeditated, and conspired deprivations of fundamental Rights guaranteed by the Constitution of the United States of America and by federal law and which deprivations are criminal violations of 18 USC 241.

53. The records from Case No. 037353 DP will reveal that Plaintiffs ACR and BTR have raised the Constitutional protections issues, however NONE of the Defendant state actors, despite 12 of them having law degrees and being sworn officers of the court, previously mentioned have acted to recognize or enforce the Plaintiffs mother BTR, and ACR's (DPOA) fundamental God-given rights to their heirs and biological property DAR and JPHJ.

54. Defendants DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG, AS, NL; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS; OCCDP, KM, MO; IPH, EBH; PAS, RH have violated and deprived the federal constitutional rights of the Plaintiffs by:

a. Summarily seizing the children from her home, parent, and family care without a warrant, just or probable cause, and absent exigent circumstances, in violation of several sections of the Florida Statute Chapter 39 and the Fourteenth Amendment to the United States Constitution,

b. Crafting a counterfeit allegation presented to the Court on the initial verified petition (Florida Statue Chapter 30) in a successful and concerted effort to obtain a tainted judicial order separating DPOA and mother from children,

c. Denying Plaintiffs mother and DPOA any physical or conversational contact with their children, where there was no claim of Plaintiff's detriment to her (pursuant to Florida State Chapter 39)

d. Withholding exculpatory evidence that may well have changed not only the Detention Hearing findings, orders, and outcomes, but those of every subsequent hearing (pursuant to Florida State Chapter 39), and would confirm the suitability of leaving [the children] in her home and immediately reuniting DPOA (maternal grandmother) and children (grandsons),

e. Not timely releasing the child or filing the initial petition (pursuant to Florida State Chapter 39),

f. Not timely serving Plaintiffs BTR and ACR notice of the initial hearing (pursuant to Florida State Chapter 39),

g. Not timely releasing the children or holding the Detention Hearing (pursuant to Florida State Chapter 39),

h. Blocking all meaningful access of Plaintiff s BTR and ACR to the Juvenile Court by withholding mandatory disclosures (pursuant to Florida Chapter 39),

i. Refusing any investigation whatsoever into Plaintiffs' claims or proof of innocence, even when presented the opportunity to do so at very nominal cost to the County, and

j. Conducting a defective and one-sided investigation into the facts concerning the suitability of [the child]'s home or immediately reuniting mother, DPOA and children, and ignoring clear and obvious indications that this was appropriate and necessary for the family's health and well being.

55. These official policies, customs, practices, and/or directives of Defendants DCF, CPS; ChildNet; aided and abetted by FAGO, and the Defendants KLG, VP, HTB, AS, NL are causally and affirmatively linked to the deprivation of Plaintiffs' BTR and ACR's constitutional rights and were used, relied upon, and carried out by defendant social workers, assistant attorney generals, and court administrators who in turn targeted Plaintiffs through their iniquitous and malevolent conduct without fear of sanction or reprisal.

56. These policies, customs, practices, and/or directives of Defendant DCF, CPS; ChildNet; aided and abetted by FAGO, and the 17JC are causally and affirmatively linked to the deprivation of Plaintiffs BTR's and ACR's constitutional rights and yet remain standard and routinely relied upon by Defendants even where they are not formally or publically enacted.

57. This conduct was a major cause of the lengthy separation of mother and children and DPOA and children, causing physical, emotional and economic injuries to Plaintiffs mother and DPOA, in amounts to be proven at trial, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

58. Throughout, Defendants' conduct was malicious and oppressive and was intended to cause injury if not carried out with deliberate indifference to and callous disregard of all Plaintiffs rights and well-being, justifying an award of punitive damages as to individual defendants.

## VI. ARGUMENTS/ALLEGATIONS OF LAW

59. Family courts/DCF dependency courts are star-chamber courts and are administrative courts in violation of the seventh amendment and the right to due process of the law under the Fifth and Fourteenth Amendments to the United States Constitution. The Constitution gives no way whatsoever of any court seizing any child away from any parent. Since there is no jury to try the case and to hear the facts in any case, it constitutes a star chamber and administrative hearing. Administrative courts and hearings are unlawful and unconstitutional (Please see the articles *Judge Rules Administrative Court System Illegal After 81 Years* and *Constitutional Issues Related To The Use Of Administrative Sanctions*). Administrative courts and hearings are only applicable to those who are a part of or employees of the administration. Non-government employees are not part of the administration and are therefore not subject to these administrative courts.

60. Florida Statute 39.402(11)(a) states: If a child is placed in a shelter pursuant to a court order following a shelter hearing, the court shall require in the shelter hearing order that the parents of the child, or the guardian of the child's estate, if possessed of assets which under law may be disbursed for the care, support, and maintenance of the child, to pay, to the department or institution having custody of the child, fees as established by the department. When the order affects the guardianship estate, a certified copy of the order shall be delivered to the judge having jurisdiction of the guardianship estate. The shelter order shall also require the parents to provide to the department and any other state agency or party designated by the court, within 28 days after entry of the shelter order, the financial information necessary to accurately calculate child support pursuant to s. 61.30. This section of this Florida statute provides a

financial incentive, in violation of due process and conflict of interest, for Defendants to acquire the assets and monetary interests of these children (JPHJ and DAR) and to keep the children. *See Adoption and Safe Family Act 1997 - PUBLIC LAW 105–89—NOV. 19, 1997 111 STAT. 2115*

61. The Defendants State of Florida, County of Broward and its sheriff's department, City of Plantation and its police department, City of Lauderhill and its police department, City of Pompano Beach and its police department, 17TH Judicial Circuit of Florida/Broward County Court, DCF, CPS, ChildNet, JAFCO; KID; FAGO, GALP, OCCDP, PAS are all private corporations (and persons) and are NOT government entities and have NO constitutional or otherwise authority to arrest or take into custody any mother or her children; have NO constitutional or otherwise authority to remove children from their mothers or their durable powers of attorney; have NO constitutional or otherwise authority to enforce criminal law or to enforce their corporate regulations, statutes, and policies upon any person; have NO constitutional or otherwise authority to enslave, sell, and human traffic anyone's children; have NO constitutional or otherwise authority to make laws or write laws; have NO constitutional or otherwise authority to write or impose orders or decrees upon any mother or minor child.

62. The Plaintiffs have certain and various inalienable rights and guarantees secured to them by the United States Constitution, and also under statutory provisions of the United States Code.

63. Any natural parent has these same such rights and guarantees, regardless of marital status.

64. Each of the Defendants subordinate and supervisory employees and other persons or entities involved with judicial and/or other determinations affecting the outcomes of domestic relations matters, and by their own sworn oaths, have various and certain duties under law, common law, and in equity, to uphold, support, and protect the Constitution of the United States, as well as all statutes, rules, and regulations of the United States.

65. The Plaintiffs are not professional attorneys, and their pleadings cannot be held to the same level of technical standards that pleadings from the Defendants should be held to, or that will be expected from any future professional counsel in this cause. *See*, e.g., *Haines v. Kerner*, 92 S.Ct. 594; *Jenkins v. McKeithen*, 395 U.S. 411; *Picking v. Penna. Rwy. Co.*, 151 F.2d 240; and, *Puckett v. Cox*, 456 F.2d 233.

66. Governments and the government officials, persons (individuals or private corporations) or entities that represent them, do and will automatically lose any qualified immunity they may have previously enjoyed, upon the commission of any act necessarily done outside the lawful scope of the matter in question. *See*, e.g., *Burns v. Reed*, 111 S.Ct. 1934; *Monell v. Dept. Of Social Services*, 98 S.Ct. 2018; *U.S. v. Lanier*, 117 S.Ct. 1219; *Koon v. U.S.*, 116 S.Ct. 2035, *Dennis v. Sparks*, 101 S.Ct. 183; and, etc.

67. A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it. *See*, e.g., *U.S. v. Guest*, 86 S.Ct. 1170, *U.S. v.Compagna*, 146 F.2d 524; and, etc.

68. Federal judges can set aside or overturn state courts to preserve constitutional rights. *See*, e.g., *Mitchum v. Foster*, 407 U.S. 225; 28 USC § 1441, and 28 USC § 1443.

69. Justice delayed is justice denied. *See* Magna Charta, Article 40, June 15, 1215.

70. A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652

(1972), and take them as true for purposes of deciding whether they state a claim. *Cruz v.Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

71. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974).

72. In *Zvorak v Beireis, 519 N.W. 2d 87 (Iowa 1994)* the Iowa Supreme Court has determined that the court must "take into account strong societal interest in preserving natural parent-child relationship", which additionally reinforces the constitutionally protected equal natural and fundamental right to be an equal parent. The court went on to say; "As we stated sixty-seven years ago: Something more than the material things of life is essential to the nurture of a child, and that something is the father's and the mother's love, or as near its equivalent as may be. Recognizing this, the law raises a strong presumption that the child's welfare will be best subserved in the care and control of parents, and in every case, a showing of such relationship, in the absence of anything more, makes out a prima facie case for parents claiming custody of their children. "Indeed," as said in one case, "this presumption is essential to the maintenance of society, for without it, man would be denaturalized, the ties of family broken, the instincts of humanity stifled, and one of the strongest incentives to the propagation and continuance of the human race destroyed."
[emphasis added] *Zvorak v Beireis, 519 N.W. 2d at 89.*

73. While the above allegations of law tend to necessarily invite formal authorities in support, the "well-pleaded complaint" rule and doctrine admonish that the various causes of action, each enumerated and described below, should remain free of any formal argument and authorities, unless, and until, the Court might direct the tendering of an appropriate memorandum in support.

## VII. CAUSES OF ACTION GENERALLY

74. The causes of action detailed herein further below are grounded, in fact, upon one or more of the following Amendments to the United States Constitution, and/or specific statutes of the United States Code, each of which is included here in relevant and pertinent parts:

a) **The First Amendment to the United States Constitution** – "Congress shall make no law… abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

b) **The Fourth Amendment to the United States Constitution** - "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..."

c) **The Fifth Amendment to the United States Constitution** - "No person shall be...deprived of life, liberty, or property, without due process of law..."

d) **The Sixth Amendment to the United States Constitution** - "In all... prosecutions...the accused shall have the Assistance of Counsel for his defense."

e) **The Eighth Amendment to the United States Constitution** - "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

f) **The Ninth Amendment to the United States Constitution** – "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

g) **The Fourteenth Amendment to the United States Constitution** - "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

h) **18 USC § 241 - Conspiracy against rights** - "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons... prevent or hinder his free exercise or enjoyment of any right or privilege so secured-- They shall be fined under this title or imprisoned not more than ten years, or both;... or if such acts include kidnapping or an attempt to kidnap,... they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death."

i) **18 USC § 242 - Deprivation of rights under color of law** - "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States... shall be fined under this title or imprisoned not more than one year, or both... or if such acts include kidnapping or an attempt to kidnap...shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

j) **18 USC § 77 – Peonage, Slavery and Trafficking In Persons –** "18 U.S.C. § 1584 - Sale into involuntary servitude, 18 U.S.C. § 1581 - Peonage; obstructing enforcement, 18 U.S.C. § 1585 - Seizure, detention, transportation or sale of slaves, 18 U.S.C. § 1588 - Transportation of slaves from United States, 18 U.S.C. § 1592 - Unlawful conduct with respect to documents in furtherance of trafficking, 18 U.S.C. § 1593A - Benefitting financially from peonage, slavery, and trafficking in persons, 18 U.S.C. § 1596 - Additional jurisdiction in certain trafficking offenses , 18 U.S.C. § 1593 - Mandatory restitution, 18 U.S.C. § 1595 - Civil remedy"

k) **42 USC § 1981 - Equal rights under the law** - "All persons within the jurisdiction of the United States shall have the same right in every State... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..."

l) **42 USC § 1985 - Conspiracy to interfere with civil rights** - "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified... or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;... or... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be

done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

m) **42 USC § 1986 - Action for neglect to prevent** - "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;"

n) **42 USC § 1988 - Proceedings in vindication of civil rights** - "The jurisdiction in civil and criminal matters conferred on the district courts... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

o) **28 USC § 1443 – Civil rights cases** - "Any of the following civil actions or criminal prosecutions commenced in a State court may be removed by the Plaintiffs to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

p) **28 USC § 1657 - Priority of civil actions** - "Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite... any action for temporary or preliminary injunctive relief, or any other action if good cause therefore is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute... would be maintained in a factual context that indicates that a request for expedited consideration has merit."

75. Some of the various and numerous federal family law statutes alluded to *supra*, include, for a very short and limited example purpose only, the following binding rules of law upon the several States, to-wit: 42 USC § 192; 42 USC § 242k; 42 USC § 243; 42 USC § 246; 42 USC § 247b; 42 USC § 247c; 42 USC § 247d-1; 42 USC § 264; 42 USC § 280b-1; 42 USC § 280b-1a; 42 USC § 283c; 42 USC § 283f; 42 USC § 601; 42 USC § 602; 42 USC § 603; 42 USC § 608; 42 USC § 613; 42 USC § 629; 42 USC § 666; 42 USC § 669b; 42 USC § 1314; 42 USC § 1314a; 42 USC § 1320b-9; 42 USC § 1397; 42 USC § 1397f; 42 USC § 1975a; 42 USC § 1975d; 42 USC § 3604; 42 USC § 3617; 42 USC § 3631; 42 USC § 3721; 42 USC § 3731; 42 USC § 3751; 42 USC § 3789d; 42 USC § 4272; 42 USC § 4501; 42 USC § 4502; 42 USC § 4701; 42 USC § 5025; 42 USC § 5102; 42 USC § 5116; 42 USC § 5116a; 42 USC § 5601; 42 USC § 5602; 42 USC § 5701; 42 USC § 5771; 42 USC § 5781; 42 USC § 9901; 42 USC §

10401; 42 USC § 10420; 42 USC § 10702; 42 USC § 11601; 42 USC § 11603; 42 USC § 12301; 42 USC § 12351; 42 USC § 12352; 42 USC § 12371; 42 USC § 13001; 42 USC § 13011; 42 USC § 13012; 42 USC § 13021; 42 USC § 13862; 42 USC § 13881; 42 USC § 13992; 42 USC § 14141; and, 42 USC § 14193.

76. In fact, the above statutes of the United States Code are by no means a complete listing, as each represents entire *sections* and *chapters* of Title 42 of the United States Code, dealing with, controlling, funding for, administering, enforcing, and expressing specific national policy in regards to virtually **every** conceivable aspect of all types of domestic relations proceedings, juvenile proceedings, child abuse and neglect proceedings, domestic violence proceedings, child support proceedings, garnishment orders, and the entire gamut of almost *every* possible type of ancillary proceeding that could be attributed to what ***used*** to be known as "state" family law.

77. In reality, the Federal Government, by the duly authorized enactment, over the past quarter-century or so, of such an incredibly enormous and all-encompassing scope of Acts of Congress, has *more* than achieved a "co-ownership" of family law – it has *taken over* family law.

78. Accordingly, any ill-contrived attempt by the Defendants, to laughably suggest that some form of "abstention" would be appropriate in an action including controversy over "strictly state" family law, will be countered – forthwith – with an immediate motion for certification of such defense as patently frivolous, and for all appropriate and corresponding sanctions thereupon.

79. *Right to Family Association:* DCF, CPS, MCR, NB, DM, KB; ChildNet, SR, HC; HTB, VP, KLG; LPD, BB; EGH, PPD; GALP, MW; FAGO, AJ, AF, AV; JL, VR, LS, OCCDP, KM, MO; IPH, EBH have removed said minor Plaintiffs from their mother's and DPOA's home without charging their mother and DPOA with anything. Defendants have violated Plaintiffs' ACR, BTR, JPHJ, and DAR of our First, Fifth, Ninth, and Fourteenth Amendment Constitutionally Protected Rights to Speech, Association, and Assembly with each other and our right to live together as family in our own home. The right not to be deprived of a child-parent (including DPOA) or child-sibling family relationship, a right recognized to be among the liberty interests, privacy interests, and associational rights conferred by the First, Ninth, and Fourteenth Amendments. *See, e.g.,Hodgson v. Minnesota*, 497 U.S. 417, 447-48 (1990) (Ninth and Fourteenth Amendments protect family integrity); *Roberts v. U. S. Jaycees*, 468 U.S. 609, 617-20 (1984) (reiterating longstanding recognition that Bill of Rights protects family relationships against unjustified interference by the state); *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (recognizing right to family integrity grounded in part on Ninth Amendment concept of zone of privacy).

80. Defendants State of Florida, including all its corporation Departments, receive over one-fourth of its annual budget from the federal government,. – *See* Rochelle Bobroff, *Ex Parte Young as a Tool to Enforce Safety Net and Civil Rights Statutes*, 40 Univ. of Toledo L. Rev. 819 (2009). *See* Rochelle Bobroff, *Scorched Earth and Fertile Ground: The Landscape of Suits Against the States to Enforce the ADA*, 41 CLEARINGHOUSE REVIEW 298 (Sept.–Oct. 2007). See also Harper Jean Tobin, *The Genetic Information Nondiscrimination Act of 2008: A Case Study of the Need for Better Congressional Responses to Federalism Jurisprudence*, 35 J. OF LEGIS. 113 (2009). See Rochelle Bobroff & Harper Jean Tobin, *Strings: The Power of the Federal Purse Waives State Sovereign Immunity for the Rehabilitation Act.*

81. All named above corporation and subordinate, supervisory, and other individual Defendants are persons and are NOT the government and do not have any right or constitutional authority whatsoever to seize, to remove, to falsely arrest and imprison, to abuse, to kidnap, to take hostage, to torture, to traffic in person children, to separate Plaintiffs' family, and to deprive Plaintiffs DPOA and mother of our right

to our biological property and heirs and our heirs' rights to their mother and DPOA and to live in their own home with their caretaker, Plaintiff ACR (DPOA), and with their mother Plaintiff BTR. Said Defendants have admitted that they do not have better claim to said heirs and biological property JPHJ and DAR than Plaintiffs BTR and DPOA. Defendants' violation and deprivation of civil rights of Plaintiff ACR and BTR, and said heirs and biological property Plaintiffs JPHJ and DAR have resulted in serious physical, mental, emotional, and psychological injuries to all Plaintiffs.

## VIII. CAUSES OF ACTION SPECIFICALLY/CLAIMS FOR RELIEF

82. The United States Supreme Court has long and consistently held that the care, custody, maintenance, management, companionship, educational choices, and general child-rearing decisions related to one's children are fundamental rights protected by the Federal Constitution.

83. As such, any actions by any individual person or private corporation (person), whether it be by a person acting alone, in conjunction with another, directly or indirectly, by any State (private corporation and person), or demonstrated by a pattern of deprivations generally attributable to the State itself, that intrude upon these fundamental rights, are patently unconstitutional.

84. The State is not permitted to intrude upon these fundamental rights of the natural parent.

85. All natural parents existing within the Defendant State of Florida are constitutionally entitled to be free of government and private corporation intrusion in the care, custody, and maintenance of their children.

86. The United States Supreme Court has consistently reminded that there is a presumption that fit parents act in their children's best interests, and that there is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children. See *U.S. Supreme Court: Parents' Rights Are Fundamental* attached.

### Count One

Ultra vires: Against Defendants KLG, HTB, VP, AS; DCF, CPS, MCR, DM, NB, KB; KID; JAFCO; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, VR, LS; GALP, MW; IPH, EBH; Injunction

87. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

88. At all relevant times herein, Defendants KLG, HTB, VP; DCF, CPS, MCR, DM, NB, KB; JAFCO; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, VR, LS; GALP, MW; IPH, EBH purported their unfettered prerogative – conferred on them by the Court – to remove the child JPHJ from his school, home and family and that it was entirely within the Department's discretion to proceed at will.

89. At all relevant times herein, Defendants KLG, HTB, VP, AS; DCF, CPS, MCR, DM, NB, KB; KID; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, VR, LS; GALP, MW; IPH, EBH purported their unfettered prerogative – conferred on them by the Court – to

remove the child DAR from his home and family and that it was entirely within the Department's discretion to proceed at will.

90. Plaintiff BTR was told by Defendants and each of them to comply with each and every demand made of her or her God-given rights to her heirs and biological property (children) would be in great peril in the coming months.

91. Defendants KLG, HTB, VP, AS; DCF, CPS, MCR, DM, NB, KB; KID; JAFCO; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, VR, LS; GALP, MW have and_are committing ultra vires behavior, as a private corporation, and are simulating the legal process by acting as judiciary over Plaintiffs ACR (DPOA), JPHJ, DAR, and BTR (mother). Since they are a private corporation, they do not have any lawful authority to simulate a legal process on one of their non-corporate entities.

92. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' ultra vires actions and simulation of the legal process.

93. Plaintiffs meet the requirements for an injunction against Defendants.

**Count Two**

Unlawful Seizure, Arrest, and Failure to Return said Minor Children Plaintiffs JPHJ and DAR Children,biological property, and heir in violation of 42 USC § 1983: Against Defendants KLG, HTB, VP, AS; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; FP; IPH, EBH Writ of Habeas Corpus, Detinue, and Replevin/Rei Vindicatio

94. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

95. Defendants KLG, HTB, VP; DCF, CPS, MR, DM, KB NB; ChildNet, HC; IPH and EBH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; IPH, EH have unlawfully arrested and falsely imprisoned Plaintiff ACR's biological property and heir minor Plaintiff JPHJ and have not charged said minor JPHJ with anything; have not Mirandarized Plaintiff JPHJ, and have violated JPHJ's right to remain silent by forcing and coercing JPHJ to be a false witness against himself; have interviewed JPHJ outside of Plaintiff ACR's and JPHJ's mother's presence in violation of his Miranda, Fourth, Fifth, and First Amendment Rights; have treated JPHJ with cruel and unusual punishment by causing Defendants IPH and EH to keep minor JPHJ always locked up in his room all day and never allowing JPHJ to come out except to go to school, to the bathroom, and to eat; by keeping JPHJ away from his mother and his grandmother (Plaintiff ACR/POA for long periods of time and by depriving said minor JPHJ of his Fourth and Fourteenth Amendment Rights to Due Process of the Law and of his right to medical care; by depriving Plaintiff JPHJ of his First, Fifth, and Fourteenth Amendment Right to public and private Association, Speech (including wire communication), and Assembly with his mother and Plaintiff ACR/POA, thereby also imposing and enforcing the unlawful, unconstitutional Gag Rule upon minor JPHJ and Plaintiff ACR.

96. Defendants KLG, HTB, VP, AS; DCF, CPS, MR, DM, KB ,NB; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR, LS; GALP, MW; KID; have unlawfully arrested, falsely imprisoned for about 13 years Plaintiff ACR's biological property and heir minor

Plaintiff DAR and have not charged said minor DAR with anything; have not Mirandarized minor DAR, and have violated said minor DAR's right to remain silent by forcing and coercing DAR to be a false witness against himself; have interviewed minor child DAR outside of Plaintiff MG's and DAR's mother's presence in violation of his Miranda, Fourth, Fifth, and First Amendment Rights; have treated DAR with cruel and unusual punishment by unlawfully selling and human trafficking minor Plaintiff DAR; by keeping DAR away from his mother and his grandmother (Plaintiff ACR (POA) for about 13 years, and by depriving said minor DAR of his Fourth and Fourteenth Amendment Rights to Due Process of the Law and of his First, Fifth, and Fourteenth Amendment Right to public and private Association, Speech (including wire communication), and Assembly with his mother and Plaintiff MG/POA, thereby imposing and enforcing the unlawful, unconstitutional Gag Rule upon minor DAR and Plaintiff ACR and DAR's mother BTR.

97. The twice false imprisonment of Plaintiffs minor children JPHJ and DAR was successfully perpetrated by and through Defendants MCR, DM, NB, and KB's position with the County CPS and State DCF and through Defendants AJ, AV, AF's position with Defendant FAGO; and through MO's and KM's position with OCCDP.

98. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this JPHJ and DAR's false incarceration.

99. Defendants KLG, HTB, VP; DCF, CPS, MR, DM, KB, NB; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCC, MO, KM; JL, VR, LS; GALP, MW; and each of them also used this remand to withhold weekly visits with Plaintiff's BTR child Plaintiff JPHJ for about 18 weeks and to deny Plaintiff ACR (DPOA) any visits whatsoever, causing Plaintiffs undue and unwarranted fear, grief, pain, anguish and irreversible loss.

100. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants'_unlawful seizure, arrest, and failure to return said minor children Plaintiffs JPHJ and DAR, Plaintiff BTR and ACR's biological property. The acts and omissions of the Defendants constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including punitive damages against individual Defendants, in amounts to be proved at trial.

**Count Three**

42 U.S. Code § 1985 - Conspiracy against, to interfere with, and to deprive civil rights under color of law: Defendants17JC, KLG, HTB, VP, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; FP; IPH, EH Injunction, Writ of Habeas Corpus, Rei Vindicatio, and Detinue

101. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

102. Defendants OCC, KM, MO; FAGO, AJ, and AF together conspired and had minor JPHJ kidnapped, falsely arrested, falsely detained, and falsely imprisoned in order to retaliate against minor JPHJ and Plaintiff mother for exercising their First, Fifth, and Fourteenth Amendment Rights to Associate and Speak with Plaintiff DPOA and after minor JPHJ openly showed great love and affection by hugging his grandmother Plaintiff DPOA and crying and begging Defendants Plant "please don't take my grandma away from me" in the presence of Defendants OCC, MO; FAGO, AJ, and VP. Defendant VP lied to and deceived minor JPHJ by saying "no one is going to take your grandmother way from you." Defendants

OCC, MO; and FAGO, AJ became greatly enraged at their sight of a normal relationship. Subsequently, Defendants immediately retaliated against Plaintiff's JPHJ and ACR show of normal relationship by immediately acquiring a shelter order from Defendant HTB and by again, for the second time, kidnapping, taking hostage for ransom, falsely arresting and falsely detaining and falsely imprisoning Plaintiff JPHJ, aided and abetted by Defendant BSOP (officers unknown to Plaintiffs but will submit to this court when ascertained); ChildNet HC, and CPS, MCR, NB, KB, DM; LPD, BB; PPD, EGH; and IPH and EBH in order to punish JPHJ, ACR, and his mother BTR for a normal relationship and in order to generate revenue.

103. Defendants HTB, AS, KLG, VP; FAGO, AJ, AF, AV; CPS, MCR, NB, DM, KB; ChildNet, HC, SR; LPD's kidnapping, falsely arresting, hostage taking and holding for ransom, falsely arresting, falsely detaining Plaintiff DAR in violation and deprivation of Plaintiff DAR's, BTR's, and ACR's civil rights have resulted in serious physical, mental, emotional, and psychological injuries to Plaintiffs ACR, BTR, and DAR.

104. Plaintiff's biological property and heirs minors Plaintiffs JPHJ and DAR are at imminent risk of suffering irreparable harm unless the Plaintiffs BTR and ACR and said minor Plaintiffs' constitutional, civil rights and federal law are obeyed. KLG, HTB, VP, AS, NL; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EBH; RH, PAS_have NO restraint in their violation and deprivation of Plaintiffs ACR and minors DAR and JPHJ's constitutional, civil rights. Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, LS, VR; JAFCO; KID; FP; IPH, EBH; RH, PAS_have NO regard for Plaintiff's and said minor heirs' constitutional, civil rights, and for federal law. Plaintiffs have no adequate remedy at law.

105. Plaintiffs ACR and BTR have a clear legal right to the return of their heirs and biological property JPHJ and DAR. Plaintiff and said minor heirs and biological property meet the requirements for a writ of habeas corpus. Plaintiff has a clear legal right to her heirs and biological property said minors JPHJ and DAR and has the right to the immediate return of her biological property unharmed.

106. Plaintiffs meet the requirements to obtain a writ of habeas corpus, Replevin, and Detinue against Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EBH.

107. Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH;LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; IPH, EBH; PAS, RH have severally and maliciously conspired to prevent Plaintiffs ACR and BTR, by force, intimidation, or threat of violence, false arrest, and imprisonment, thereby interrupting, hindering, and impeding Plaintiff ACR's right to her heirs and biological property witness daughter BTR and Plaintiff minors JPHJ and DAR as the said minors durable power of attorney in fact.

108. Defendants KLG, HTB, VP, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EBH; PPD, EGH;LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; IPH, EBH have and are interrupting, hindering, and impeding, and chilling Plaintiff ACR from discharging her duties as durable power of attorney in fact over her heirs and biological property JPHJ, DAR, and BTR, including preventing Plaintiff ACR from discharging her duties to live with, take care of, and govern said heirs, biological property, minors JPHJ and DAR. Defendants have threatened violence and to falsely imprison, to falsely detain, to kidnap and take hostage for ransom Plaintiff if she discharges her duties as

power of attorney over her said minor heirs and biological property JPHJ and DAR and her adult heir and biological property BTR.

109. Defendants 17JC, KLG, HTB, VP, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH;LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; FP; IPH, EH have mentally, physically, and emotionally injured Plaintiff ACR and her biological property and heirs BTR, JPHJ and DAR on account of Defendants interrupting, hindering, and impeding, and chilling Plaintiff ACR from discharging her duties as durable power of attorney in fact over her heirs and biological property JPHJ, DAR, and BTR under color of law.

110. Plaintiffs ACR and BTR have a clear legal right to discharge her duties as durable power of attorney in fact over her heirs and biological property JPHJ, DAR, and BTR, including her duties to live with, take care of, and govern said heirs, biological property, minors Plaintiffs JPHJ and DAR. Plaintiffs ACR, JPHJ, and DAR meet the requirements for an injunction against Defendants 17JC, KLG, HTB, VP, AS; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; FP; IPH, EBH.

111. The Defendants 17JC, KLG, HTB, VP, AS; DCF, CPS, MR, DM, KB NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ1, AF; OCC, MO, KM; JL, VR; JAFCO; KID; FP; IPH, EH have severally engaged in a conspiracy with all each other to enforce unlawfully determined child custody orders, and the Plaintiffs allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendants should be therefore adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions. The acts and omissions of the Defendants constituted a major factor in causing Plaintiffs BTR and ACR, JPHJ, and DAR physical, emotional, and economic injuries, including punitive damages against individual Defendants, in amounts to be proved at trial.

## Count Four

Executing and Issuing unlawful Retraining/No-Contact Orders and failure and refusal to Vacate said Unlawful No-Contact/Restraining Orders and Executing Unlawful No-Contact Order Under Color of Law, as Requested by Plaintiff ACR and mother BTR in violation of USC § 1983: Against Defendants KLG, VP, NL Void, Annulment, and Revocation, Injunction

112. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

113. On April 10, 2012 Defendant NL executed and issued an unlawful no-contact order stating "child is to have no contact with grandmother Andramedia Robinson," unlawfully putting Plaintiff ACR on trial outside her presence. Defendant NL never served Plaintiff MG with the unlawful no-contact order, thereby violating Plaintiff's and minor JPHJ's right to due process of the law. Defendant NL defamed (slandered) Plaintiff ACR's character in open court by making the false, conclusory statement: "Looks like she has a problem with children," in open court outside of Plaintiff's presence without giving Plaintiff ACR the civil right and opportunity to defend herself. Plaintiff ACR filed Motion to Vacate said unlawful no-contact order after ACR learned of the said order in a Dependency hearing in about June of 2015. To date, Defendant NL has ignored Plaintiff's Motion to Vacate. When Defendants FAGO, AF,

AJ1, and OCC, MO learned that Plaintiff ACR filed said Motion to Vacate said no-contact order, Defendants FAGO, AF, AJ1, and OCC, MO transferred said Defendant NL's family case with no-contact order to Defendants VP and KG, who in turn, have henceforth used the said unlawful no-contact order to coerce and to terrorize Plaintiffs ACR and minor JPHJ and to violate and to deprive Plaintiff s ACR and JPHJ of their First, Fifth, Ninth, and Fourteenth Amendment Rights to live together, to associate, to speak, and to assemble together publicly and privately and a family and despite both additional motions to vacate and to motions to dismiss said unlawful no-contact order that both Plaintiff ACR and biological property mother BTR filed. Defendant KLG has repeatedly deprived Plaintiff ACR and BTR of hearings on said motions to vacate and to dismiss said unlawful NL's no-contact order.

114. On February 15, 2016, Defendants KLG; FAGO, AF, and AJ, executed and issued an unlawful injunction between Plaintiff ACR and JPHJ and between JPHJ and his mother, witness BTR, enjoining ACR and JPHJ and JPHJ and his mother witness BTR from having any contact with each other, in violation and deprivation of Plaintiffs JPHJ and ACR's right to due process of the law and in order to coerce and to terrorize Plaintiffs JPHJ and ACR and in violation and deprivation of Plaintiffs JPHJ's and ACR's First, Fifth, Ninth, and Fourteenth Amendment constitutional rights.

115. On or about August 2004, Defendant AS unlawfully issued dissolution of Plaintiff BTR's parental rights, unlawfully depriving Plaintiffs BTR and ACR of their constitutional civil rights to their biological property Plaintiff DAR. Defendant AS granted Defendants FAGO; CPS; DCF; and ChildNet's unlawful petition for dissolution of parental rights in order to generate revenue and to human traffic and to enslave Plaintiff DAR and in violation of Plaintiff's BTR, ACR, and DAR's right to due process of law.

116. Plaintiff s ACR and BTR have more than once requested that Defendant KLG vacate an existing restraining order between ACR and BTR be vacated. To date, Defendant KLG have ignored ACR and BTR's request to vacated said restraining order and have repeatedly deprived Plaintiff ACR and witness BTR's right to be heard on their motions to vacate said restraining order in violation of Plaintiff's ACR and witness BTR's right to due process of the law.

117. Plaintiffs ACR, JPHJ, DAR, and witness BTR have a clear legal right to have contact, to associate, to speak, to assemble, and to live together in our own home without all Defendants intervention. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions. The acts and omissions of the Defendants constituted a major factor in causing Plaintiffs BTR and ACR physical, emotional and economic injuries, including punitive damages against individual Defendants, in amounts to be proved at trial.

118. Plaintiffs ACR, JPHJ, and DAR meet the requirements for annulment, void, and revocation of all existing no-contact orders, restraining orders, and injunctions between Plaintiffs ACR and DAR, ACR and JPHJ, ACR and BTR, JPHJ and BTR, and DAR and BTR. Plaintiff's ACR, DAR, and BTR meet the requirement for annulment, void, and revocation of the said dissolution of parental rights.

## Count Five

Violation-Deprivation of Plaintiffs' Due Process of Law Rights Under Color of Law Pursuant to 42 U.S.C. §§1983, 1985, and 1997 Against Defendants CPS, DCF, DM, MR, NB, KB; ChildNet, HC, SR; 17JC, KLG, HTB, VP, NP; LPD, BB; PPD, EGH; OCC, MO, KM; FAGO, AF, AJ1; VR, JL Injunction

119. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

120. Defendants KLG, VP, AF, and AJ1 have conspired to deter, by force, intimidation, or threat Plaintiff ACR from witnessing and testifying in dependency court and from attending court enforcing the unlawful Gag Rule upon Plaintiff ACR and by throwing Plaintiff ACR out of the courtroom to prevent Plaintiff ACR from witnessing and testifying against Defendants DCF, CPS, MCR, NB, DM, KB; KLG, NL; AF, AJ1; ChildNet, HC, SR; IPH, EH and on behalf of Plaintiff ACR's heir and daughter Plaintiff BTR, to prevent Plaintiff ACR from arguing her Petitions, to prevent Plaintiff from stating and proving her claim to her said heirs and biological property JPHJ and DAR, to prevent Plaintiff from testifying. Defendants KLG and AF have conspired to execute unlawful injunctions against Plaintiff ACR and said minor heirs JPHJ and DAR in order to violate and deprive our civil rights, including our First, Fifth, Ninth, and Fourteenth Amendment rights to associate, speech, assemble, and live together as a family, and have violated and deprived Plaintiffs ACR's and BTR's rights to govern the said minors education and school placement. Defendant Gillespie has repeatedly threatened to arrest and kidnap Plaintiff ACR and throw her in jail if she does not leave the courtroom, in violation of the Federal Open Meetings Act.

121. Defendants CPS, DCF, DM, MR, NB, KB; ChildNet, HC, SR; JAFCO; KID; KLG, HTB, AS, VP; LPD, BB; PPD, EGH; OCC, MO, KM; FAGO, AF, AJ; VR, JL falsely arrested Plaintiff ACR's and BTR's heirs and biological property JPHJ and DAR and have not charged Plaintiffs JPHJ and DAR or Plaintiff ACR or BTR with anything.

122. Defendant NL executed an unlawful "no-contact" order against Plaintiff MG. But Plaintiff ACR was never served with the said order.

123. Defendants CPS, DCF, DM, MR, NB, KB; ChildNet, HC, SR; KLG, HTB, VP, NP; LPD, BB; PPD, EGH; OCC, MO, KM; FAGO, AF, AJ; VR, JL; JAFCO; IPH, EBH; BSOPB have unlawfully removed JPHJ from his mother's and Plaintiff's home by fraud and without just cause and have human-trafficked and enslaved JPHJ and have falsely presumed the mother guilty until she proves herself innocent.

124. Defendants KID; DCF, CPS, ChildNet, SR; FAGO; AS; LPD, KID have unlawfully removed DAR from his mother's, Plaintiff BTR, home by fraud and without just cause and have human trafficked and enslaved DAR and have falsely presumed the mother guilty until she proves herself innocent.

125. Defendants; LPD, BB; PPD, EGH; EBH, IPH; PAS, RH; JAFCO have aided and abetted in the false arrest and false imprisonment and human trafficking of JPHJ.

126. Defendant LPD; PPD, EGH; EBH, IPH; PAS, RH; KID have aided and abetted in the false arrest and false imprisonment and human trafficking of DAR.

127. Defendant KLG has imposed the unlawful Gag Rule on Plaintiffs ACR, BTR and minors DAR and JPHJ, by repeatedly depriving Plaintiff ACR and BTR of our right to argue our petitions and to be heard, Defendant KLG, repeatedly throwing Plaintiff ACR (POA) out of the courtroom and by cutting Plaintiff ACR off, in violation of Plaintiff ACR's First, Fourth, and Fourteenth Amendments constitutional rights, each time Plaintiff ACR tries to speak and argue my petitions.

128. Defendants KLG, VP, NL, HTB; DCF, CPS, MCR, NB, DM; ChildNet, HC; IPH, EBH; LPD, BB; JAFCO have deprived Plaintiff JPHJ of his right to medical care.

129. Defendants KGL, VP, NL, HTB; DCF, CPS, MCR, NB, DM; ChildNet, HC, SR; JAFCO; KID; EBH, IPH (concerning only JPHJ) have treated the said Plaintiffs with cruel and unusual punishment by depriving Plaintiffs of their First, Fifth, and Fourteenth Amendment Rights to Speech, Association, and Assemble with each other in public and in private, including by Defendants intercepting Plaintiffs wire communication.

130. Defendants JAFCO and ChildNet, HC have starved minor JPHJ and have caused him to lose a lot of weight from being underfed. Defendants JAFCO and ChildNet, HC have failed to keep JPHJ clean and properly groomed. Defendants IPH and EBH have kept minor JPHJ locked up in his room all day and not and do not allow him out of the room accept to go to the bathroom, to school, and to eat.

131. Defendants ChildNet, HC; LPD, BB; IPH, EBH have failed to and refused to take minor JPHJ to the emergency room or to his doctor to be X-rayed and treated for a sprained leg caused by JPHJ's tripping over a brick and twisting his leg. When Plaintiff ACR called the paramedics to take minor JPHJ to the hospital for his leg to be examined and treated, Defendant BB sent the paramedics away, and stated he "did not think the child needed to be seen." Defendant BB is not a medical professional and cannot make that judgment call. Defendants ChildNet, HC; LPD, BB; IPH, IBH have subjected minor JPHJ to very possible permanent damage to his leg by depriving said JPHJ of medical treatment. Defendants Caudra physically abused and treated with cruel and unusual punishment in violation of the Eighth Amendment said minor JPHJ by jerking his arm back and forth and by abusing said JPHJ, DAR and Plaintiffs ACR and BTR and mother by keeping us away from each other for lengthy periods of time.

132. Defendant NL executed an unlawful "no-contact" order against Plaintiff MG. But Plaintiff MG was never served with the said order.

133. Defendants HTB, KLG, VP; DCF, CPS, MCR, DM, NB, KB; ChildNet, HC; BSOPB, JAFCO; IPH, EBH have unlawfully removed Plaintiff minor JPHJ from his mother' home by fraud and without just cause and without due process of law and have falsely presumed the mother guilty until she proves herself innocent.

134. Defendants AS; KID; ChildNet, SR; DCF, CPS; have unlawfully removed Plaintiff minor DAR from his mother's home by fraud and without just cause and without due process of law and have falsely presumed the mother, BTR, guilty until she proves herself innocent.

135. Defendants FAGO, AF, AJ, OCC, KM, MO; JL, VR; LPD, BB; PPD, EGH; IPH, have aided and abetted in the false arrest and false imprisonment of JPHJ.

136. Defendants FAGO, KID, and LPD have aided and abetted in the false arrest and false imprisonment of DAR.

137. Defendant KLG has imposed the unlawful Gag Rule on Plaintiffs ACR and the mother, Plaintiff BTR, by repeatedly depriving us of our right to argue our petitions and by throwing us out of the courtroom and by cutting us off when we try to speak in violation of the First Amendment.

138. Defendants deprivation of Plaintiffs constitutional, civil rights have resulted in and create imminent risk of serious physical, mental, and psychological injuries.

139. Plaintiffs ACR, BTR, and said minor heirs and biological property DAR and JPHJ meet the requirements for an injunction against Defendants DCF; CPS, MCR, NB, DM, KB; FAGO, AF, AJ; 17JC, KLG, HTB, VP, NL, AS; LPD, BB; PPD, EGH.

140. Plaintiffs ACR, BTR, and minor children JPHJ and DAR have suffered and/or are at imminent risk of suffering irreparable harm unless the law is obeyed. There is no remedy at law, and there is a substantial likelihood that Plaintiffs will succeed on the merits.

**Count Six**

Violation of The Trafficking Victims Protection Act (TVPA) of 2000 - Slavery and Human Trafficking Plaintiff's minors DAR and JPHJ in violation of USC § 1983: Against Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCC, MO, KM; JL, LS VR; JAFCO; KID; IPH, EH

141. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

142. Did not the people who went to Africa to kidnap the slaves from Africa get paid? See History of slavery of African slaves. And did not the capturers sell the slaves as Defendants KLG, HTB, VP, NL, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EH are doing the same thing? The slave capturers got paid to go to Africa to kidnap slaves the same way that Defendants KLG, HTB, VP, NL, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EH get paid to go into good homes to kidnap their kids. This constitutes slavery and human trafficking.

142 (a) Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions. The acts and omissions of the Defendants constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including punitive damages against individual Defendants, in amounts to be proved at trial.

**Count Seven**

Intentional Infliction of Emotional Distress: Against Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; PPD, EGH; LPD, BB; FAGO, AJ, AF; JAFCO; KID; GAL, MW; IPH, EBH; PPD, EGH; VR, LS, JL; OCCDP MO, KM

143. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

144. On March 28, 2015, upon DCF, CPS, MCR, DM, PPD, EGH's kidnapping and taking Plaintiff minor JPHJ from Plaintiff ACR, Defendants MCR and DM boasted about the hate crimes, torts, and civil rights violations and deprivations they and their department (CPS and DCF) committed in 1996, along with Defendants LPD officers, against Plaintiff ACR, BTR, and ACR's son in order for Defendants MCR and DM to justify immediately kidnapping and taking Plaintiff ACR's biological property and heir JPHJ from her. Such vicious, cruel, malignant boastful statements from Defendants MCR and DM to Plaintiff ACR caused physical and emotional distress to Plaintiff ACR and MCR and DM tortured Plaintiff ACR.

145. At all relevant times herein, Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MR, DM, NB, KB; ChildNet, HC, SR; IPH, EH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR purported their unfettered prerogative – conferred on them by the Court – to remove [the child] from her school, home and family and that it was entirely within the Department's discretion to proceed at will.

146. Plaintiff BTR was told by Defendants and each of them to comply with each and every demand made of her or her parental rights would be in great peril in the coming months.

147. On Wednesday, October 14, 2015, at 2:30 p.m., when Plaintiff BTR attended the mediation, Defendants AF, JL, and LS immediately issued a variety of unlawful threats and ultimatums, along with excessively repeatedly harassing and badgering Plaintiff BTR with gross, defamatory questions and remarks about BTR's mother Plaintiff ACR in order to wear BTR down and to try to further induce her into a contract of slavery to the state. Defendants excessively emotionally abused a disable adult, BTR.

148. Such harassing, badgering defamatory statements and questions to Plaintiff BTR about her mother ACR included:

a) Threatening not to give her back the child if she do not sign the slavery papers under duress in order for the state to place her and her child Plaintiff JPHJ into slavery.

b) Plaintiff BTR stated that my son has eczema sores all over his body and is not being properly taken care of and not being properly groomed or properly fed and that he has lost a lot of weight from not being properly fed.

c) Defendants AF and JF excessively and repeatedly harassed Plaintiff BTR about her mother Plaintiff ACR repeatedly defaming ACR's character to BTR.

d) Defendants AF and HC claimed they do not know Plaintiff BTR.

e) Defendants HC and AF and JL are imposing unnecessary restrictions, demands, and tasks on Plaintiff BTR just because they do not like her mom, Plaintiff ACR.

F) Defendants JL, AF; and HC stated to Plaintiff BTR: "I know you love your mother but you cannot be around her. It is none of Defendants FAGO, AF; ChildNet, HC; JL's right or authority to dictate to Plaintiff BTR what she does with her mother and not to be around her mother. Can Plaintiff BTR demand that the Defendants HC; AF, and JL not be around their mothers?

g) Unlawfully threatening, harassing, badgering, coercing, and terrorizing Plaintiff BTR about the aforesaid restraining orders/no contact orders that BTR wants DISMISSED/VACATED.

149. Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, NB, KB; ChildNet, HC, SR; IPH, EBH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; KID; JAFCO; BSOPB have used their positions of authority to damage the interests of Plaintiff BTR and ACR. Defendants' actions in removing and detaining [the children] were outrageous by any standard of decency, yet they acted even in the knowledge that their conduct would likely result in serious damage to Plaintiffs BTR and ACR, and with reckless disregard for Plaintiffs' well-being. The foreseeable susceptibility of a two small children and a single mother BTR and ACR (DPOA) forcibly separated without reason did nothing to deter Defendants, who did not relent in their sustained campaign of attacks on Plaintiffs BTR and ACR, even when they knew it to be unwarranted.

150. Defendants and each of them were subsequently granted broad discretion and control over the very life of Plaintiff. The Case Plan, upon its delivery to Plaintiff, was characterized as the only way to get the children released from state capture. The alternative to Plaintiff's satisfying all terms and conditions approved and ratified by Defendants and each of them, was permanent loss of her God-given rights to her biological property and heirs.

151. Defendants, KID, DCF, CPS told Plaintiff BTR that if she signs over her God given rights to her biological property and heir DAR to them, then they will allow her to see and have contact with him, otherwise, Defendants said, she will never get to see him. Since Plaintiff BTR refused to sign over her God-given rights to her biological property and heir DAR to Defendants, they permanently and forever kept Plaintiff BTR's heir and biological property from her for 13 years and currently, refused to allow her any contact with him, and then unlawfully human trafficked him and sold him for profit. Plaintiff DAR has been missing for 13 years and Plaintiffs BTR and ACR do not know whether or not he is dead or alive.

152. Plaintiff contends that the Petition, Case Plan and Florida Statute Chapter 39 constitute a nudum pactum contract (conceived, implemented and filed at the will of the Defendant DCF, CPS) between Plaintiff and Defendants. Offered no real alternatives, Plaintiff was compelled to comply with an illegal contract, given the gravity of consequences had she not done so.

153. Plaintiff was thereby placed under duress by intimidation and coercion and under the threat of harm to her child and was forced to do what Defendants told her from the moment the child was kidnapped and taken hostage by said Defendant DCF, CPS, and ChildNet social workers.

154. All Plaintiffs have suffered shock, fear, indignity, terror and apprehension due directly to actions taken by Defendants. Plaintiff was left elementally vulnerable and further frightened, humiliated, and terrorized by Defendants ongoing conduct.

155. The acts and omissions of the Defendants and each of them constituted a major factor in causing Plaintiffs insurmountable physical, emotional, and economic injuries, including emotional distress and punitive damages against individual defendants.

156. Defendants DCF, CPS, ChildNet; KID; JAFCO breached a duty of due care owed to Plaintiffs by failing to adhere to acceptable hiring standards, or provide adequate guidance, oversight, supervision and training to their social workers.

157. Defendant KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, NB, KB; ChildNet, HC, SR; IPH, EBH; PPD, EGH; LPD, BB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; KID; JAFCO; BSOPB breached that duty of due care owed to Plaintiff by failing to implement or enforce any policy that would preclude and prevent the unlawful removal of children from their homes by social workers and police in their employ.

158. The actions of the Defendants described above were intentional and carried out with deliberate indifference to and callous disregard of Plaintiffs rights, well being, and best interests.

159. Plaintiffs ACR and BTR have suffered irreversible and irreparable harm due in substance to the loss of consortium with [the child] caused by the violation and deprivation of their right to parent and discharge POA duties to their children.

160. The acts and/or omissions of each Defendant promoted the protracted separation of mother and POA from child and constituted a major factor in causing Plaintiffs physical, emotional and economic injuries.

161. The emotionally charged environment rendered Plaintiffs especially susceptible to damages caused by Defendants' targeted attacks. By ambushing Plaintiffs, brandishing their positions, and

exploiting the induced vulnerabilities of Plaintiffs, Defendants maximized that damage, justifying punitive damages against individual defendants, in amounts to be proved at trial.

**Count Eight**

Violation and Deprivation of Six Amendment Rights –
Ineffective Assistance of Counsel in violalation of USC § 1983:
Against Defendants JL, VR, LS; OCCDP, MO, KM

162. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

163. At all times Defendants OCCDP, MO, KM; JL, who were court appointed counsel for Plaintiff BTR and Defendant VR who was court appointed counsel for JPHJ, and Defendant LS who was also a court appointed counsel at all times acted unethically and unlawfully in concert with Defendants FAGO, AF, AV, AJ; KLG, HTB, VP, NL against all·their clients, at all times in betrayal of their client-counsel relationships. At all times OCCDP, MO, KM; JL, VR, LS committed fraud by collecting federal funds paychecks while willfully, deliberately failing and refusing to do their jobs and duties toward their clients, especially while willfully, deliberately failing and refusing to get Plaintiffs minors JPHJ and DAR returned back to Plaintiffs ACR (DPOA) and BTR.

164. At all time counsel Defendants JL failed to represent Plaintiff BTR and VR failed to represent Plaintiffs JPHJ in the dependency proceedings pursued against them, but instead, counsel Defendants JL and VR represented the Defendant DCF, CPS, MCR, NB, DM, KB; ChildNet, HC, SR; FAGO, AJ, AV, AF.

165. On October 8, 2015, Plaintiff BTR specifically told Defendant KLG's JA Tinisha, in the presence of Defendant KLG, that she no longer wanted Defendant JL for an attorney; and Plaintiff BTR submitted a complaint against defendant JL confirming the same, stating: "Mr. Levy is on the side of the state and against me and my child. He aids and abets the state in harassing and badgering me about my mother and repeatedly excessively defaming my mother's character to her together with the state and the state's making unlawful threats to me. It is unlawful and is civil disobedience for Mr. Levy to behave toward me and speak to me as such."

166. Plaintiff BTR stated in August 14, 2016 motion: "On October 8, 2015, Plaintiff BTR that she requested that Defendant JL be fired and that she does not want him, stating: "He is ineffective assistance of counsel and in civil disobedience by refusing to file the Motion to Dismiss the restraining orders, causing me to have to file it and to do his job . . . I texted such to him today."

167. Ineffective assistance of counsel Defendants JL, VR, LS; OCC, MO, KM have conspired with Defendants 17JC, KLG, AS, VP, HTB; OCC, MO, KM; FAGO, AJ1, AF; CPS, MCR, NB, DM, KB; GAL; IPH, EH; ChildNet, SR, HC; PPD, EGH; LPD, BB to violate and to deprive Plaintiffs ACR, BTR, and minor children Plaintiffs DAR and JPHJ of their First, Fourth, Fifth, Sixth, Eight, Seventh, Ninth, and Fourteenth Amendment constitutional and civil Rights and in committing crimes and torts against Plaintiffs ACR, BTR, JPHJ, and DAR. It is evident that this is a conspiracy.

167 (a) Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions. The acts and omissions of the Defendants constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including punitive damages against individual Defendants, in amounts to be proved at trial.

## Count Nine

Abuse of Process (malicious prosecution) and violation of USC § 1983:
Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, KB, NB;
FAGO, AJ, AF, AV; LPD, BB; PPD, EGH; BSOPB

168. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

169. Defendants KLG, HTB, VP, AS, NL; DCF, CPS, MCR, DM, KB, NB; FAGO, AJ, AF, AV; LPD, BB; PPD, EGH; BSOPB abused the court process with the following willful non-communicative acts:

a. Filing Dependency Petitions in Juvenile Court, in the name of said minor Plaintiff's DAR and JPHJ, that Defendants knew were false, misleading, and unnecessary;

b. Not advising Plaintiffs ACR and BTR of any of her rights or relevant court procedures as mandated. Instead, Defendants and each of them used and maintained her ignorance to ensure that no objections would be raised, no rights would be asserted, and no testimony would be demanded of those who removed [the children] from her home prior to the Detention Hearing or any judicial authorization;

c. Withholding exculpatory evidence from the Court as enumerated above,

d. Disallowing contact between Plaintiff as mandated §39.00;

e. Refusing to assist or allow Plaintiffs ACR to prove our claims of non-culpability, stalling long enough that the proof was lost forever;

f. Not advising Plaintiffs ACR, BTR, JPHJ, DAR of our rights pertaining to the proceedings;

g. Not timely serving notice of Detention Hearing;

h. Not timely filing the petition;

i. Not timely holding the initial hearing.

170. Defendants DCF and CPS failed to state a claim, failed to state any wrong doings, failed to provide evidence to substantiate any claim or wrong doing, and failed to provide witnesses to substantiate any claim or wrong doing against Plaintiffs BTR and ACR. They simply took the children in violation of due process of the law.

171. The Defendants DCF, CPS, MCR, DM, NB, KB; FAGO, AF, AS, AV and each of them intended to induce a tainted court order further detaining [the children] in foster care, and triggering absolute immunities for all of their subsequent conduct, and they abused the Court's authority and process to accomplish that objective when they summarily seized both said Plaintiff minors JPHJ and DAR without probable cause, without a warrant, without any witnesses, without a complaint, without a sworn affidavit, and with preponderance of evidence.

172. The Defendants and each of them intended to induce a tainted court order further detaining [the children] in foster care, and triggering absolute immunities for all of their subsequent conduct, and they misused the Court's authority and process to accomplish that objective when they summarily seized the child.

173. In requiring a "suitable home" and "legal" and "steady" income on the Case Plan, Defendants and each of them violated the letter and spirit of §**39.00** and abused the dependency process.

174. Further, Defendants and each of them promoted and fostered the very circumstances the §**39.00** charges them with helping to ameliorate. The letter and spirit of the §**39.00** mandates that

Defendants and each of them actively assist Plaintiff in overcoming obstacles to family maintenance and reunification – including poverty and homelessness "wherever possible".

175. In diametric opposition to the Legislature's intent and §**39.00**'s mandate, Defendants and each of them promoted, amplified, and influenced circumstances that could then be portrayed to the Juvenile Court as "non-compliance" and unacceptably "minimal progress" toward Case Plan fulfillment. This would in turn bolster their recommendation to the Court that Plaintiff's parental rights be terminated permanently.

176. Given the vast purview of social workers, their supervisors, and DCF, CPS, the following would be general knowledge throughout the system:

177. All along there were viable options and far less inherently traumatic alternatives to detention and foster care available to DCF and CPS. Those options, however, were not then made available to Plaintiff – nor did Defendants and each of them even disclose their existence.

178. Defendants and each of them did not attempt to preserve and strengthen Plaintiff's family ties or encourage Plaintiff and her child as a family unit at any time during [the children]'s dependency process. From the instant they summarily seized [the children], Defendants and each of them implemented a strategy to keep Plaintiff ignorant of any and all knowledge as to the rights of her family and the relevant court procedures. Ergo, Defendants and each of them used the dependency process for purposes other than those intended and to propagate the unjust separation of mother and daughter.

179. At all times mentioned herein, Defendants and each of them acted willfully with the wrongful intention of injuring Plaintiff and for an improper and immoral motive amounting to malice in that the afore-referenced tortuous and criminal conduct was intentionally committed by Defendants and was knowingly oppressive, malicious and wanton with the intended purpose of causing harm to Plaintiff herein.

180. The acts and omissions of the Defendants and each of them constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including punitive damages against individual Defendant. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions.

**Count Ten**

Violation and Deprivation of Plaintiff's Federal Civil Rights –
42 U.S.C. § 1983 and 1997: Against Defendants KLG, HTB, VP, AS, NL;
DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH;
LPD, BB; BSOPB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EBH

181. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

182. Defendants DCF, CPS; LPD; ChildNet, SR; and AS falsely arrested and imprisoned and kidnapped without charging him with a crime and without due process of the law Plaintiff ACR's heir and biological property DAR when he was a newborn baby. Defendants DCF, CPS, MCR, NB, DM, KB; KLG, AS, VP, HTB; ChildNet, HC, SR have human trafficked Plaintiff minor DAR and JPHJ, have falsely imprisoned, have treated with cruel and unusual punishment, have terrorized, and imposed and enforced the unlawful Gag Rule on them, and have deprived and violated minors DAR and JPHJ of their First, Fifth, Ninth, and Fourteenth Amendment rights to live in their own home with their own mother and

DPOA, with each other, as siblings, and have deprived and violated Plaintiff minors JPHJ and DAR of their right to associate, speak, and to assemble with their mother and DPOA. False arrest and imprisonment also coincide with the crimes of kidnapping, hostage taking for ransom, and torture.

183. Defendants KID; DCF, and CPS took advantage of Plaintiff BTR when she was 17 by kidnapping and taking hostage Plaintiff's BTR and ACR's biological property Plaintiff minor DAR by committing extortion against 17-year old Plaintiff BTR by telling BTR: "If you sign DAR over to us, we will let you see him." At all times Defendants AS; CPS, DCF; ChildNet, and KID deprived Plaintiff BTR of her constitutional civil First, Fifth, Ninth, and Fourteenth Amendment rights to speech, assemble, live with, discharge parental duties, associate with BTR's biological property DAR.

184. Defendants DCF, CPS, MCR, NB, DM, KB; KLG, AS, VP, HTB; ChildNet, HC, SR; KID have sold, human trafficked, enslaved Plaintiff DAR. Defendants AS's unlawful dissolution of BTR's God-given rights to her heir and biological property DAR and Defendants DCF, CPS, MCR, NB, DM, KB; KLG, AS, VP, HTB; ChildNet, HC, SR; KID's selling Plaintiff DAR into slavery, human trafficking DAR, and depriving Plaintiffs BTR and ACR of knowing where DAR is and of knowing whether or not Plaintiff DAR is alive or dead have caused BTR and ACR excessive worry and stress, physical, mental, emotional, psychological injuries.

185. On or about January 25, 2016, Defendants KLG and AF lied to and deceived Plaintiff BTR by telling BTR that "the law allows us to adopt JPHJ out after a year."

186. Defendants IPH and EBH, KLG, VP, HTB; MO; AJ, AF; CPS, MR, NB, DM; GALP, MW; JAFCO; ChildNet, HC, SR have failed to provide medical care for minor JPHJ when he was sick with flu and throwing up and when he tripped over a brick and twisted his leg, despite Plaintiff's warning that said Defendants have subjected minor JPHJ to possible permanent leg damage by refusing to allow his leg to be X-rayed and treated by a doctor and by depriving Plaintiff of her right to do so.

187. Defendants LPD, BB sent paramedics away and aided and abetted Isaac Hanson in escaping in his truck in order to avoid getting medical treatment to the Plaintiff JPHJ, when Plaintiff ACR called. Defendant Beasley told 911 emergency and paramedics that he "did not think the child need treatment." Plaintiff MG/POA advised 911 and Marc, agent 177, of DCF abuse hotline that Beasley is not a medical professional and cannot make that medical judgment call.

188. Defendants KLG, HTB, VP, NL; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EH; PPD, EGH; LPD, BB; BSOPB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; JAFCO; KID; IPH, EBH have deprived Plaintiff JPHJ of his constitutional, civil rights to live in his own home with Plaintiff MG/DPOA and BTR. Defendants KLG, HTB, VP, NL; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; PPD, EGH; LPD, BB; BSOPB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL; KID have deprived Plaintiff DAR of his constitutional, civil rights to live in his own home with Plaintiff MG.

189. Defendants have deprived Plaintiff MG/DPOA of her constitutional, civil right to have her heirs and biological property in her own home.

189 (a) The acts and omissions of the Defendants and each of them constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including punitive damages against individual Defendant. Plaintiffs ACR, BTR, JPHJ, and DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions.

**Count Eleven**

Negligence - Against Defendants KLG, HTB, VP, NL, AS; DCF, CPS, MCR, DM, KB, NB; ChildNet, HC, SR; IPH and EBH; PPD, EGH; LPD, BB; BSOPB; FAGO, AJ, AF, AV; OCCDP, MO, KM; JL, LS, VR; JAFCO; KID

190. Plaintiffs re-allege every allegation of paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth

191. Plaintiffs contend that in summarily unlawfully seizing Plaintiffs children DAR and JPHJ, Defendants obligated themselves and CFS to the duty to [the children] of due care while the child remained their prisoner and hostage in their control. By initiating the unlawful dependency and commandeering [the children]'s unlawful imprisonment and detention, they implicitly assumed a total responsibility for the children in all areas of her well-being.

192. Defendants DCF, CPS, ChildNet, and those supervising Defendant social workers breached that duty of due care by failing to adhere to acceptable hiring standards, or provide adequate guidance, oversight and supervision to Defendant social workers.

193. Defendant social workers' actions harmed all Plaintiffs when they summarily removed Plaintiffs JPHJ and DAR[the children] from Defendant BTR's and ACR's home without a warrant, without a complaint, without a sworn affidavit of criminal action, without probable or just cause, without a charge against said Plaintiffs and absent exigent circumstances, without due process of law in violation of Plaintiffs First, Fifth, Ninth, Fourteenth Amendment Rights.

194. In light of the sheer volume of dependency actions initiated by Defendants DCF, CPS, Defendants and each of them were aware, or should have been aware, of the foreseeable perils their willful misconduct subjected Plaintiffs to and the likely injuries as they accumulated. However, Defendants did nothing to mitigate either the risks or the resulting damage to Plaintiffs.

195. Every action by Defendants and each of them has compounded and accumulated, developing an overall punitive philosophy and approach in their dealings with Plaintiffs.

196. Defendants' actions and each of them described above were done with gross negligence and deliberate indifference to and callous disregard for Plaintiffs rights and well being. The Defendants have willfully committed gross negligence and reckless disregard of the various basic and absolute duties owed towards Plaintiffs ACR and BTR and their related inherent, natural, legal, and constitutional rights to custody of their minor children, all in violation of various constitutional civil rights, and also contrary to the laws of the United States, and they should be therefore found due and owing to the Plaintiffs for certain amounts of damages, and all remedial actions appropriate therefore should be taken immediately.

197. Plaintiffs reallege all paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

198. Plaintiffs BTR and ACR have suffered irreversible and irreparable harm due in substance to the loss of consortium with their children Plaintiff's JPHJ and DAR caused by the violation and deprivation of their right to parent their young children.

199. The acts and/or omissions of each Defendant constituted a major factor in causing Plaintiffs ACR, BTR, JPHJ, and DAR physical, emotional and economic injuries, including justified punitive damages against individual Defendants, in amounts to be proved at trial. Plaintiffs ACR, BTR, JPHJ, and

DAR have suffered significant physical and emotional damages as a direct result of this Defendants' actions and omissions.

**Count 12**

Conspiracy In Violation of 42 U.S.C. § 1986: Against all Respondeat Superior Defendants

200. Plaintiffs re-allege all paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

201. The respondeat superior Defendants (private corporation and supervisory Defendants) are "persons," as that term is used in 42 U.S.C. § 1986.

202. The respondeat superior Defendants (private corporation and supervisory Defendants) had prior knowledge of the wrongs conspired to be committed by subordinate and other individual Defendants.

203. The respondeat superior Defendants had the power to prevent or aid in preventing the commission of the wrongs conspired to be committed by subordinate Defendants, and which by reasonable diligence could have been prevented, but they neglected and/or refused to exercise such power.

204. As a direct and proximate result of the neglect and/or refusal of the respondeat superior Defendants to prevent or to aid in preventing the commission of the wrongs conspired to be committed by subordinate and other individual Defendants, the Plaintiffs have suffered injuries and damages as alleged herein.

205. The respondeat superior Defendants' actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiffs' constitutional, civil rights.

206. As a direct and foreseeable consequence of this conspiracy, Plaintiffs were deprived of their rights under the First, Fourth, Fifth, Six, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

207. As a direct and foreseeable consequence of these deprivations, Plaintiffs have suffered economic loss, physical harm, emotional trauma, loss of liberty, loss of privacy, and irreparable harm to their reputations.

## VIX. SUMMARY

208. Plaintiffs re-allege all paragraphs *supra*, and incorporate them herein by reference the same as if fully set forth.

209. All judges of the State of Florida that have simulated the legal process of family court dependency actions have each, at some point in time previously, sworn their very oath upon taking the office of judge, to defend, uphold, protect and provide for the sacred guarantees of civil and constitutional rights, as well as also the same for the laws of these United States.

210. All Plaintiffs were harmed by the conduct of all Defendants, as enumerated above, and that conduct was a major factor in causing physical, emotional and economic injuries to Plaintiff, in amounts to be proved at trial and justifying punitive damages as to individual defendants.

211. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the Defendant State, as a whole, in regards to violations and deprivations of the various constitutional rights of Plaintiffs ACR and BTR to our God-given rights, care, control, and management of our children.

212. As, a result, Plaintiffs were prejudiced in legal and public forums, forced to overcome erroneous credibility issues in the eyes of the Court and the community. This fraud and deceit directly caused irreparable pain and suffering to all Plaintiff s and laid the very foundation for Plaintiffs BTR and ACR separation from their children Plaintiffs JPHJ and DAR under false pretense.

213. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

## X. RELIEF

214. That given due consideration to all of the above, the Plaintiffs now and hereby pray this Court for the following enumerated forms and natures of relief:

215. **JURY DEMAND:** Plaintiffs pray this Court that all issues in this cause be tried by a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure. It is patently unlawful for this Court to disregard the Plaintiffs' Seventh Amendment right to have an empanelled Jury weigh and decide the facts involving the various allegations. Such an act is a ministerial act committed outside the lawful jurisdiction of this Court, and any such act must be corrected and vindicated. Further, the same event would utterly deny the Plaintiffs their Sixth Amendment right of access to the courts, which includes their constitutional right to a remedy, the constitutional right to redress of grievances, the included constitutional right to be heard in a court of law, and etc;

216. Plaintiffs pray this Court for immediate restoration/elevation to custodial status for Plaintiff ACR, durable power of attorney in fact over Plaintiffs JPHJ and DAR, who has already had a present, ongoing relationships with her minor grandchildren/biological property/heirs Plaintiff JPHJ, since his birth and all his life, and with Plaintiff DAR, since his birth and for an entire year until he was unlawfully seized, kidnapped, arrested, and stolen from Plaintiffs BTR and ACR (durable power of attorney in fact);

217. Plaintiffs pray this Court for prohibition against the changing of children's existing names and/or surnames without voluntary agreement by Plaintiff mother BTR;

218. Plaintiffs pray this Court for a just, sufficient, and reasonable award of various damages, against the Defendants, and the same upon its estate and all holdings, present and future, and the same

declared jointly and severally liable as amongst all co-conspirators, in the aggregate value of $200 Million payable to Plaintiff Andramedia C. Robinson, including all judgment interest obtainable pursuant to 28 USC § 1961(a), and accruing thereon, executable upon all monies, property, chattels, assets, goods, pecuniary interests, and anything whatsoever of any value, tangible or intangible, that may be owned or controlled, wholly or partially, by said Defendants, along with execution and/or garnishment against all of said Defendants' forms of income, interests, or any other earnings, present and future, all and the same until such time as said judgment(s) is/are satisfied as to the Plaintiffs' favor, paid in full, or otherwise settled by lawful agreement;

219. Plaintiffs pray this Court grant an award recompensing Plaintiffs' costs of litigation, including all reasonable expenses and fees therein;

220. Plaintiffs pray this Court for an appropriate portion of the above-sought damages, to be in the form of execution against unused, abandoned, or unnecessary state property and assets, with disbursement of these damages by liquidation or direct transfer of title;

221. Plaintiffs pray this Court to direct that the Defendants pay back, to the federal government, all appropriate portions of federal funding obtained due to fraudulent acquisitions thereof;

222. Plaintiffs pray this Court to direct declarations of express rights of the Plaintiffs to individually sue Defendant state actors for damages, and all other appropriate relief, in proven willful abuses of process;

223. Plaintiffs pray this Court to cause and enforce the immediate prohibition of all above described violative practices that are happening within the 17th Judicial Circuit Court of Florida and may be happening within the various courts of the Defendant Florida State, by issuing an appropriate declaratory order permanently enjoining the same, and the same being crucial and imperative to ensure that the civil rights of an undetermined number of Florida citizens, are no longer either deprived nor neglected by the same courts;

224. Plaintiffs pray this Court to enjoin as Defendants, pursuant to the protections of Plaintiffs' rights provided for under 42 USC § 1986, any persons or entities that engage in this matter and attempt - in any way - to pervert, hinder, obstruct, or delay justice in this cause, or of the true and due course thereof, and to hold such Defendants jointly and severally liable to all awards of damages in favor of the Plaintiffs, including any additional judgments or penalties determined because of said attempts by such persons or entities, all pursuant to law;

225. Plaintiffs pray this Court for special and general damages according to proof;

226. Plaintiffs pray this Court for punitive damages according to proof;

227. Plaintiffs pray this Court for declaratory relief as appropriate and according to proof;

228. Plaintiffs pray the this Court for an order vacating, voiding, and annulling the Defendants said Petitions, said shelter orders, said no-contact orders, said restraining orders, said injunctions, adoption, and said dissolution of parental rights from their inception;

229. Plaintiffs pray this Court for immediate injunction relief against all Defendants, prohibiting all Defendants from having any contact with Plaintiffs;

230. Plaintiffs pray this Court for an order directing an apology from Defendants;

231. Plaintiffs pray this Court for immediate declaratory relief regarding the Plaintiff's protected fundamental rights;

232. Plaintiffs pray this Court for immediate injunctive relief against all Defendants from continuing to interfere with, deprive, and violate Plaintiff BTR's protected, fundamental God-given rights to her children and Plaintiff ACR's protected, fundamental rights as durable power of attorney in fact over said children;

233. Plaintiffs pray this Court for an award of damages against the defendants for the torts of violation of 42 USC §1983;

234. Plaintiffs pray this Court for an award of costs and any attorneys fees against the defendants as provided by 42 USC §§ 1976 and 1988;

235. In addition to the relief available under 42 USC 1983, this court should also report the facts of this case to the grand jury;

236. Plaintiffs pray this Court grant and compel all such other and further relief deemed just, proper and appropriate in the premises;

237. Plaintiffs demand a full forensic audit and full accountability and disclosure of any and all assets, funds, moneys, stocks, bonds, securities, trusts, interests, warrants, and a full forensic audit in establishment of where all acquired proceeds went to.

## XI. CONCLUSION

Rule 8(f) directs the courts to construe pleadings so as to do substantial justice and a pro se complaint is held to even "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam), citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep… may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 47-48 (1957). This Court has a duty to examine the complaint, liberally, to determine if the allegations provide for relief on any possible theory – such as the inherent power of federal courts to correct patently unconstitutional systemic practices of a defendant that are obvious in this matter. Indeed, this Court has a "virtually unflagging obligation to exercise the jurisdiction given [it]." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). In this country, manufacturers sometimes recall their products by the thousands, the hundreds of thousands, and even by the millions – because they want to do good faith business with the American public, and because they know it is critically important to instill and maintain the respect and trust that is needed for the success of future dealings involving their reputation.

It has been duly made crystal clear to this Court that the Defendants are engaging in patently unlawful practice of using children to generate revenue to maintain their status quo through public funds. This Court's duty to correct such great error is more than obvious, and dismissal using procedural methods, regardless of whether they could even possibly be construed as "legitimate due process with

Defendants using administrative hearings in violation of due process in the United States Constitution", is highly disfavored by the federal jurisprudence authority in this country, where rulings on the merits themselves are preferred as a natural course of law. A dismissal is a harsh remedy and it is "a well-settled matter of law that 'a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular and popular legal theory she advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.'" (Justice Burger in Bowers v. Hardwick, 478 U.S. 186, 202 (1986)).

Additionally, this Court must regard its duty to adhere to binding stare decisis of the higher federal courts in this country, as stated throughout the Plaintiffs' memorandum above. Lastly, the Court may not improperly decide, for and by itself, the facts involving the allegations that abrogate the State's 11th Amendment immunity under federal law, thereby giving the state absolute immunity would constitute a dictatorship in direct violation of all Constitutional and Civil Rights, unlawfully depriving the Plaintiffs of their right to have the same facts weighed and decided by a duly empanelled Jury which was lawfully claimed under the Seventh Amendment. If the Defendants believe it is acting in a lawful manner, then it has nothing to hide from in a ruling made upon the merits in a constitutional manner, and there is no need to resort to mere procedural arguments so as to inhibit or prevent the merits from even being heard. However, if the Defendants need to resort to such procedural tactics at all, due to its fear or suspicion that it may be acting in an unconstitutional manner, then the Defendants are acting in bad faith, and this Court still has a clear duty to proceed to the merits in any event.

If the Court itself has a fear of proceeding to the merits in this case, then it has already admitted an inability to represent and conduct a competent court of jurisdiction. Procedural defenses are for cowards, crooks, cheats, liars and thieves; whereas, honest persons with integrity have no qualms with going on to decisions based upon the merits of a case. The reputation of this Court hangs in the balance for untold numbers of American citizens.

**WHEREFORE**, the undersigned Plaintiffs ACR, BTR, JPHJ, and DAR now and together pray this Court for the above described forms of relief, and/or such substantially similar relief; and, for all other relief that is just and proper in the premises.

Respectfully submitted,

Andramedia C. Robinson

Andramedia C. Robinson, Sui Juris, Pro Se
And Durable Power of Attorney in Fact
Over/On Behalf of JPHJ, DAR, and BTR, Plaintiffs
1245 South Powerline Road, No. 104
Pompano Beach, FL 33069
Phone 754-235-9719

## XII. VERIFICATION

I, Andramedia C. Robinson, hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at Pompano Beach, FL, this 10th day of June 2016.

Andramedia C. Robinson, Sui Juris, Pro Se
And Durable Power of Attorney in Fact
On Behalf of JPHJ, DAR, and BTR

**References:**


Parents Rights Blog - Dozens of CPS caseworkers caught lying, falsifying documents
https://towardchange.wordpress.com/2015/04/10/dozens-of-cps-caseworkers-caught-lying-falsifying-documents/

Federal Court Rules that Lawsuit Against State of Texas Can Proceed On Behalf of All Children In Long Term Foster Care
http://www.childrensrights.org/press-release/federal-court-rules-that-lawsuit-against-state-of-texas-can-proceed-on-behalf-of-all-children-in-long-term-foster-care/

Mass Outrage: Dept. of Children and Families Dirty Tricks
http://www.massoutrage.com/dept-of-children--families-dirty-tricks.html

Hold CPS Accountable! Stop Unethical Child Removals, https://www.change.org/p/hold-cps-accountable stop-unethical-child-removals

Child Protective Services, Lawsuits have skyrocketed nationwide as children age out and sue CPS for trafficking crimes.
http://donnellyjustice.me/2013/04/01/child-protective-services-lawsuits-have-skyrocketed-nation-wide-as-children-age-out-and-sue-cps-for-trafficking-crimes/

Racketeering lawsuit against family courts
http://www.avoiceformen.com/updates/news-updates/racketeering-lawsuit-against-family-courts/

Indiana Parents Who Lost Daughter and Had Lives Destroyed by CPS Awarded $31 Million
http://medicalkidnap.com/2015/10/10/indiana-parents-who-lost-daughter-and-had-lives-destroyed-by-cps-awarded-31-million/#sthash.IR3yZQXw.dpuf
and
http://medicalkidnap.com/2015/10/10/indiana-parents-who-lost-daughter-and-had-lives-destroyed-by-cps-awarded-31-million/

Jacks, Judge Janis Graham, MEMORANDUM OPINION AND VERDICT OF THE COURT,
http://www.childrensrights.org/wp-content/uploads/2015/12/2015-12-17-Memo-opinion-and-verdict-of-the-court-2.pdf

Lawsuit: 'Thousands' of Babies Kidnapped By County CPS, Lawyer uncovers "alarming trend" as children taken without warrants,
http://www.infowars.com/lawsuit-thousands-of-babies-kidnapped-by-county-cps/

Judge Orders CPS Dismantled For History Of Rape And Abuse
https://www.youtube.com/watch?v=osSkazZtMg0&app=desktop

Senator Nancy Schaefer: Did her Fight Against CPS Child Kidnapping Cause her Murder? - See more at:
https://medicalkidnap.com/2015/04/27/senator-nancy-schaefer-did-her-fight-against-cps-corruption-cost-her-life/#sthash.K7ZMAnGh.dpuf ALSO SEE:
https://medicalkidnap.com/2015/04/27/senator-nancy-schaefer-did-her-fight-against-cps-corruption-cost-her-life/

Federal lawsuit against the State of Kansas and DCF to be filled Wednesday
http://www.examiner.com/article/federal-lawsuit-against-the-state-of-kansas-and-dcf-to-be-filled-wednesday

Mother Files Federal Lawsuit Against State of Kansas for Kidnapping Her Son - See more at:
http://medicalkidnap.com/2015/07/23/mother-files-federal-lawsuit-against-state-of-kansas-for-kidnapping-her-son/#sthash.eXImej7J.dpuf
http://medicalkidnap.com/2015/07/23/mother-files-federal-lawsuit-against-state-of-kansas-for-kidnapping-her-son/

Parents get $800K settlement after county officials remove their children without a warrant
http://www.scpr.org/news/2015/02/03/49639/parents-get-800k-settlement-after-county-officials/

Judicial Corruption: Holding Family Law Judges Accountable
http://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=7681

Anonymous Operation Expose the CPS
https://www.youtube.com/watch?v=KkIBX0J70b0

#OpExposeCPS: Anonymous Targets Child Protective Services
http://anonhq.com/opexposecps-anonymous-targets-child-protective-services/

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRAMEDIA C. ROBINSON, for herself, and as Durable Power of Attorney In Fact over and on behalf of minor children JPHJ and DAR and adult BESFANTANETTE T. ROBINSON,

Plaintiffs

Vs.

Kenneth L. Gillespie, as an individual, as respondeat superior, and as a supervisory employee of Judiciary Courts of the State Of Florida DBA 17 Judicial Circuit Court of Florida, a private corporation; et. al.

Case No. ____________________

JURY DEMAND

**SUPPLEMENT TO DEFENDANTS IN VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, FOR WRIT MANDAMUS, FOR WRIT OF HABEAS CORPUS, FOR REI VINDICATIO (REPLEVIN), FOR DETINUE, FOR DECLARATORY JUDGMENT, AND FOR DAMAGES**

Plaintiff's hereby supplement the list of Defendants in this action by adding Lamar Fisher, as a Defendant in this action, as an individual, as respondeat superior, and as supervisory employee of City of Pompano Beach, a private corporation.

Respectfully submitted,

Andramedia C. Robinson

Andramedia C. Robinson, Sui Juris, Pro Se
And Durable Power of Attorney in Fact
Over/On Behalf of JPHJ, DAR, and BTR, Plaintiffs
1245 South Powerline Road, No. 104
Pompano Beach, FL 33069
Phone 754-235-9719

June 10, 2016